## ESTATE OF MARY LEWIS, DECEASED.

APPEAL BY G. C. BALDWIN FROM THE ORPHANS' COURT OF
CHESTER COUNTY.

Argued February 12, 1891—Affirmed at Bar.

The intention of an obligee to make a gift of the interest to the obligor,
evidenced by his declarations of such purpose, is sufficiently executed
by an indorsement of payment, in the presence of the obligor, each
time the interest becomes payable, to be valid and effective against an
heir at law after the obligor's death.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and
WILLIAMS, JJ.

No. 205 January Term 1891, Sup. Ct. ; court below, number
and term not shown.

The account of Anna M. Bruner, administratrix of the es-
tate of Mary Lewis, deceased, having been presented, excep-
tions thereto were filed by George C. Baldwin, an heir at law,
whereupon *Mr. William T. Barber* was appointed auditor, to
hear and determine the exceptions and report distribution.

At the hearing before the auditor, it was made to appear that
Mary Lewis, the decedent, died on March 6, 1889, leaving to
survive her two daughters, Anna M. Bruner, the accountant,
and Emma R. Bruner ; a son, D. Darlington Lewis, and a grand-
son, George C. Baldwin, a son of a deceased daughter. At
the time of her death, the principal items of the decedent's
estate were three obligations, to wit :

1. A bond and mortgage for $5,000, dated March 25, 1875,
payable in one year, with interest, executed by Emma R. Bru-
ner and Isaac Bruner, her husband, and secured upon certain
real estate owned by Emma R. Bruner. 2. A bond and mort-
gage for $1,000, dated April 1, 1879, payable in one year,
with interest, executed also by Emma R. Bruner and her hus-
band, and secured upon the same real estate. 3. A judgment
bond for $2,887, dated April 30, 1886, payable in one year,
with interest, executed by David J. Bruner, the husband of
Anna M. Bruner.

In her account, the administratrix had charged herself with the principal of all these obligations and interest upon each one calculated from May 6, 1889, the date of the decedent's death, to the date of filing the account. The exceptions filed alleged that the accountant had failed to charge herself with all the interest due and unpaid on said obligations.

It was admitted before the auditor that upon the first two obligations, those executed by Emma R. Bruner and her husband, no interest had been paid after April 1, 1879, and that upon the judgment bond of David J. Bruner no interest had ever been paid. But testimony was introduced by the accountant to the effect that the obligations at all times had remained in the possession of the decedent; that in 1879 the decedent told her daughter, Emma R. Bruner, she need no longer pay interest upon the obligations she held against her, she would give her the interest to live upon·and to enable her to educate her children; that, about the same time, she told her daughter, Anna M. Bruner, the accountant, that she would give her the interest upon the bond she held against her husband, David J. Bruner, because 'she wanted to do as much for her as she had done for Emma R., and she intended to give her the interest as long as she, the decedent, lived; that, to carry out her said intentions, on April 1st of each year thereafter, as long as she lived, in her presence and by her direction, and with the knowledge of her daughters and son-in-law, David J. Bruner, Isaac B. Bruner having died September 21, 1879, indorsements were made upon each of the obligations, that the interest had been paid up to date. The decedent had made declarations to other relatives to the same effect as those made to her daughters themselves.

The auditor, finding the foregoing facts, found also, as matter of fact, that the decedent intended to relieve both Emma R. Bruner and her son-in-law, David J. Bruner, from the payment of interest upon the obligations after April 1, 1879, and that both she and they believed that by the indorsements thereon she had accomplished that object. However, citing Walsh's App., 122 Pa. 186; Trough's Est., 75 Pa. 117; Scott v. Lauman, 104 Pa. 595; 2 Kent Com., 430; Bond v. Bunting, 78 Pa. 218; Campbell's Est., 7 Pa. 100; Zimmerman v. Streeper, 75 Pa. 147; Albert v. Ziegler, 29 Pa. 50; Gray v. Bar-

ton, 55 N. Y. 69 (14 Am. Rep. 181); Pringle v. Pringle, 59 Pa. 286; Kidder v. Kidder, 33 Pa. 268; Whitehill v. Wilson, 3 P. & W. 405; Kennedy v. Ware, 1 Pa. 450, the auditor found, as matter of law, that the said purpose of the decedent was not executed by a valid and effective gift of the interest to the obligors, and, as there was no evidence presented as to the value of the farms covered by the mortgages, or as to the proportion of the interest collectible, he recommended that the account filed be treated as a first and partial account, and it would then become the duty of the accountant to proceed at once in the collection of the interest due and unpaid, and, in the event of neglect or unnecessary delay, she could be reached by a citation.

To the report of the auditor, exceptions were filed on behalf of Emma R. Bruner and David J. Bruner. These exceptions having been argued, the court, HEMPHILL, J., on December 10, 1880, filed an opinion in part as follows:

It must be borne in mind that the transactions were between mother and daughters; that they had not the benefit of legal advice to guide them, and that the exceptant is not a creditor, but a volunteer, a grandson of the decedent, whose equities are no higher or greater than those of the daughters, the donees, or of the donor.

In law, what is a gift? It may be defined to be, a voluntary, immediate and absolute transfer of property without consideration. 1. There must be property, or some chattel or thing of which the donor has the possession or the right of possession. 2. The transfer or conveyance of such property must be made without consideration, otherwise it is more properly a contract. 3. The transfer must be voluntary, immediate and absolute.

It must be voluntary. The donor must act freely and with full knowledge; for, if he be under any legal incapacity, such as insanity, infancy or duress, or, if he be deceived, mistaken or surprised, it is void, or at least voidable, and consequently not a gift, because revocable. It must be immediate. The possession or right of possession must pass, in præsenti, from the donor to the donee, otherwise it is not a gift, but a contract or promise, enforceable only for good and sufficient consideraation. And, it must be absolute. That is, the dominion or

independent right of possession, use and control of the prop-
erty, must pass from the donor, and under that of the donee,
beyond the former's power of retraction.   These, we believe to
be the essentials of a gift; and, tested by these, was there a
gift of the interest in dispute made by the decedent to her
daughters?

The declaration by the decedent of an intention merely to
give the interest to her daughters, would not constitute a valid
gift; neither would her declaration that she gave them the in-
terest, if made before the interest was due, for she then had
neither the possession nor the right of possession to the interest.
The testimony, however, shows that she not only declared
that she intended to give them the interest, but that she had
given it to them, and that she had directed receipts for the in-
terest to be placed upon the papers, as it became due, and that
her purpose in having these indorsements made was to evidence
her gift, or, as she expressed it, " for fear it might make trouble
hereafter, if she did not." These declarations were made to
her daughters, the donees, and to other members of her family.

The interest was already in the possession of the donees,
when the indorsements were made, under the direction of the
decedent, and consequently delivery was impossible, and there-
fore not requisite.   Even in sales of personal property, where
creditors are interested, our courts have held that actual change
of possession is not always necessary to pass title, but only such
as the nature and character of the property and the situation
and relation of the parties render reasonable ; and that, between
the parties themselves, a sale of personal property without act-
ual transfer of possession may be binding, though fraudulent
as to creditors.   And so we take it, a gift may be valid and
binding as between the parties and as to all who are volunteers,
that would be fraudulent as to creditors.

It was urged, however, that the donees should have handed
the interest over to the decedent and allowed her to hand it
back to them, or that they should have taken receipts from the
donor for the interest.   Of course, either of these modes of
evidencing the gift might have been pursued, but that they
were not does not in our opinion invalidate the gift.   Parol
evidence may be equally conclusive.   The law prescribes no
particular kind of evidence to prove a gift, nor does it require

Opinion of Court below.

the performance of idle and useless ceremonies, such as the handing over of the interest to the decedent, to be immediately handed back by her to those from whom she received it, and least of all, are they required in transactions between parent and child. All that is required to complete a valid gift, is that the donor shall have the possession, or the right of possession, to the thing given; that his dominion over it shall be voluntarily and immediately transferred to the donee, beyond the donor's power of retraction.

This, we think, the evidence shows was done in this case. The donee had the right to certain interest; she declared her intention of transferring it to her daughters; and, when due and while in the possession of her daughters, said she gave it to them, and directed one of them, as evidence of the gift, to indorse on the papers that the interest had been paid. The dominion over the interest thus presently passed from the donor to the donees, and beyond the donor's power of recall. By these acts and declarations, she relieved the donees from the payment of this interest during her lifetime, and never saw fit, if she had the power, to revoke her acts and declarations. This, therefore, is an attempt by an heir-at-law to do for her that which she refused to do in her lifetime.

Even had she erased or canceled the receipts, the fact that they had been there, and the circumstances under and the purposes for which they had been placed there, could be shown by parol; or, had she given written receipts to the donees, and afterwards obtained possession of them, or they had been lost, the gift could nevertheless be proved by parol. Suppose the donor, after her declarations to her daughters and to others, and the indorsement of the receipts, by her direction, on the papers, had issued writs of scire facias on the mortgages, and a fieri facias on the judgment; clearly, under the evidence here produced, she could not have recovered the interest, because she had transferred her dominion over it to the donees, beyond her power of recall.

We are of opinion, therefore, that the learned auditor erred in holding that the interest which had accrued and been receipted for by the decedent, under the circumstances here shown, was not a gift to her daughters, but was still due and payable.

Opinion of the Court.

—A final decree having been entered sustaining the exceptions to the auditor's report and directing a distribution accordingly, George C. Baldwin took this appeal, specifying the sustaining of said exceptions and the decree entered, for error.

*Mr. J. Frank E. Hause* (with him *Mr. R. Jones Monaghan* and *Mr. Thomas W. Pierce*), for the appellant.

Other than authorities cited by the auditor, counsel cited: West Branch Bank v. Chester, 11 Pa. 282; Hummel v. Brown, 24 Pa. 310; Adams v. Palmer, 30 Pa. 346; McCalla v. Ely, 64 Pa. 254; Moyer v. Garrett, 96 Pa. 376.

*Mr. D. Smith Talbot* (with him *Mr. Alfred P. Reid*), for the appellees, were not heard.

In the brief filed, additional authorities were cited: Madeira's App., 17 W. N. 202; Malone's Est., 8 W. N. 181; Book v. Book, 104 Pa. 245; Crawford's App., 61 Pa. 52; Adams Exp. Co. v. Lyons, 7 W. N. 421; Smith v. Smith, 5 Pa. 257; Riddle v. Stewart, 4 Penny. 113; Champney v. Blanchard, 39 N. Y. 111; Crawford v. Davis, 99 Pa. 578; Cessna v. Nimick, 113 Pa. 81; Licey v. Licey, 7 Pa. 251; Lehn v. Lehn, 9 S. & R. 57; Aston v. Pye, 5 Ves. 350 n.; Carpenter v. Soule, 88 N. Y. 251 (42 Am. Rep. 248); Shafer's App., 99 Pa. 246; Johnston v. Johnston, 31 Pa. 450; Bergey's App., 60 Pa. 408; Adams v. Kuehn, 119 Pa. 76; Gregg v. Allen, 130 Pa. 611; Hindmarch v. Hoffman, 127 Pa. 284.

PER CURIAM:

—On the argument at Bar,

Judgment affirmed.