Buehrer Will.

Argued April 18, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*E. A. Howell,* with him *Lloyd Goman,* for appellant.

*Robert F. Jackson,* with him *Joseph Blank,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 22, 1944:

The question raised by this appeal is whether the oral statements made by the sailor decedent to a shipmate while at sea, constituted a mariner's will under section 5 of the Wills Act of 1917, P. L. 403, 20 PS, section 194.

Decedent and the witness Carter were firemen on an oil tanker. Carter testified that in December 1941 during a voyage from Marcus Hook to the Dutch West Indies, while sitting in the witness's room and talking about the war and the dangers incident thereto, and the fact that the witness intended to quit the sea, decedent said to Carter: "Well if I get lost or anything—I want Mr. Knight and his people to have what I got, insurance and everything." When the witness was asked whether this was the only time the decedent talked about it, he answered "No, he talked about it several times. My room was right next to him. He called me over at night, or maybe he would come over in my room. After the war got started he brings it up several times." While this was the last voyage by Carter, decedent made two other trips. He was drowned on February 21, 1942, when the ship was torpedoed.

After the death of decedent, Walter Knight, as creditor, secured letters of administration for his estate, upon the allegation that the heirs and next of kin were unknown. At the audit of his account one Hazel A. Buehrer appeared and claimed the estate as daughter of the decedent, while Knight claimed by virtue of the alleged mariner's will. The court remitted the matter to the Register of Wills as on petition to revoke the letters of administration and probate the alleged will. After hearing, the Register decreed that the alleged nuncupative mariner's will had not been proved and its probate was refused. On appeal to the Orphans' Court, the action of the Register was affirmed. This appeal followed.

Under the Wills Act of 1917, supra, there are two types of oral or nuncupative wills. The first type is set forth in *section 4*, which applies generally. The second, with which we are herein concerned, is provided by *section 5*, relating to nuncupative wills of mariners and soldiers. The text of the section is as follows: *"Notwithstanding this act, any mariner being at sea, or any*

*soldier being in actual military service, may dispose of his movables, wages, and personal estate as he might have done before the making of this act."*

In legal history there have been numerous decisions in America and England upon this and similar statutes. Many questions have arisen concerning the quality and sufficiency of proof; when a mariner is regarded as "being at sea"; when a soldier is held to be "in actual military service"; the effect on the will of subsequent shore leaves of a mariner and furloughs of a soldier, and many other questions. A most informative article has been written upon this subject by Professor Thomas E. Atkinson of the University of Missouri, published in the American Bar Association Journal in 1942, Vol. 28, p. 753. Counsel have made an exhaustive research, submitted excellent briefs and presented able arguments. The opinions of both the Register of Wills and the court below reflect intensive labor and consideration. A greater part of the opinion of the court below and the arguments of counsel were directed to whether such a nuncupative will must be proved by two or more witnesses, or whether the testimony of one witness is sufficient. Their research led to a study of the ecclesiastical and common law, to Swinburne, Justinian, Blackstone, the Jus Gentium and many ancient and modern decisions upon the requirements concerning mariners' and soldiers' nuncupative wills.

However, the fundamental or basic consideration in all such cases must be whether the words themselves, in their context, and in the surrounding circumstances are testamentary in character. The proponent, as in written wills, must sustain the burden of establishing a will. He must not only prove that the words were actually spoken, but, which is vital, that they were spoken *animus testandi*. It must appear that decedent *intended* that his words were meant to operate *as a will*. It must be shown he intended to create an immediate, though

revocable, disposition of his property effective at his death. Loose declarations, or the expression of wishes, desires or intentions past or future are insufficient. The words must clearly indicate, considering the surrounding circumstances, that decedent, by the use of such words, intended, *in præsenti,* to dispose of his estate. Any question concerning *animus testandi* in ordinary nuncupative wills is eliminated by section 4 (b) of the Wills Act of 1917, supra, where the decedent is required to ". . . bid the persons present, or some of them, to bear witness that such was his will, or to that effect." While *rogatio testium* is unnecessary as respects mariners and soldiers because of section 5 of the Wills Act, yet there still remains the necessity of proving that decedent intended his words to operate as a will: see *Satar's Estate,* 275 Pa. 420, 119 A. 478; *Rutt's Estate,* 200 Pa. 549, 50 A. 171; *Porter's Appeal,* 10 Pa. 254; *McCune's Estate,* 265 Pa. 523, 109 A. 156; *Lewis's Estate,* 139 Pa. 640, 22 A. 635; *Thorncroft and Clarke v. Lashmar,* 2 SW. & TR. 480, 164 Eng. Reprint 1083; *Nichols v. Nichols,* 2 Phill. Ecc. 179, 161 Eng. Reprint 1113.

We have examined the testimony with great care, and we agree with the Register of Wills that there is a failure to establish that the decedent uttered the words attributed to him with the intention that they constitute his will. Furthermore, from the subsequent acts of the witness, it is obvious that neither did the witness so regard them. Decedent and Carter, shipmates, were talking merely in a general and conversational manner not only upon the date of the alleged will but "several times". It may be conceded that the words *could* be regarded as dispositive, if uttered in different circumstances. But in the surrounding circumstances of this case, their use at that, and other times, does not rise to the dignity and stature of a testamentary disposition *in præsenti* of the decedent's estate. They do not constitute a valid mariner's will under section 5 of the Wills Act of 1917, supra.

The decree is affirmed, and the appeal dismissed, at the cost of appellant.