Roger M. Fischer, Register of Wills and Clerk of the Orphans' Court Division of the Court of Common Pleas of Erie County, Pennsylvania, Plaintiff, *v.* Louis Rzymek, William O. Hill, Jr., and Leo P. Weir, Commissioners for the County of Erie, Pennsylvania, and American Federation of State, County and Municipal Employees, A.F.L.-C.I.O., Defendants.

Robert Gordon Kennedy, District Attorney for Erie County, Pennsylvania, Plaintiff, *v.* Louis Rzymek, William O. Hill, Jr., and Leo P. Weir, Commissioners for the County of Erie, Pennsylvania, and American Federation of State, County and Municipal Employees, A.F.L.-C.I.O., Defendants.

Argued June 3, 1974, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT. Hearing on temporary
injunction held July 23, 1974, before Judge ROGERS.

*John M. McLaughlin,* with him *Paul F. Curry* and *Knox, Graham, Pearson, McLaughlin & Sennett, Inc.,* for plaintiffs.

*Warren W. Bentz,* with him *Robert D. Douglass* and *Peter G. Schaaf,* for defendants.

MEMORANDUM OPINION AND ORDER BY JUDGE ROGERS, August 6, 1974:

We consolidated for hearing and disposition the petitions of the plaintiffs, the Register of Wills and the District Attorney of Erie County, for special or temporary injunctions,[1] restraining the defendants from taking certain personnel actions with respect to employes attached to the plaintiffs' offices, from enforcing certain provisions of a labor agreement between the defendants, the Commissioners of Erie County and the defendant American Federation of State, County and Municipal Employes, AFL-CIO, and from including in a new labor contract certain provisions of said existing contract.

The case is pending before us after transfer from the Supreme Court of Pennsylvania and is currently awaiting our decision, after argument, upon preliminary objections to the complaint. The ultimate issue is whether certain provisions of the present labor contract, which the plaintiffs deem offensive, are illegal and hence unenforceable.

The facts developed at the hearing are briefly, that the County Commissioners of Erie County, prior to August 1973, commenced negotiations of a labor con-

---

[1] Which the plaintiffs have also denominated temporary restraining orders.

tract with the defendant Union, which latter had been certified by the Pennsylvania Labor Relations Board as the exclusive collective bargaining representative of county employes, including non-professional employes in the offices of the Register of Wills and District Attorney. The plaintiffs had been personally assured by one or more of the commissioners that the former would be consulted in the negotiations for a contract with respect to provisions affecting the employes of their offices. In fact, the plaintiffs were ignored by the commissioners until an agreement was fully developed by the commissioners and the Union. The plaintiffs' objections to provisions of the agreement offensive to them were voted down by the commissioners and the controller[2] when the county salary board[3] met to consider the proposed agreement.

The provisions of the agreement which the plaintiffs contend are illegal encroachments upon their powers are:

Article VII, providing for seniority based on length of service and allegedly implying limitations on the plaintiffs' power to discharge employes in their offices.

Article XII, B and C, providing for posting and bidding by employes for vacant positions and the filling of such vacancies by senior qualified employes.

Article XIII, A, D and E, providing the order in which, in case of necessity for layoffs, employes should be terminated.

Article XVI, B and D, providing that the county, represented by the commissioners, may grant leaves of absence and for the termination of employes for absences not authorized by the county.

---

[2] Who abstained when the salary board voted on approval of the agreement.

[3] Provided by Section 1622 of The County Code, Act of August 9, 1955, P. L. 323, 16 P.S. §1622.

Article XXVIII, D, E and F, providing for grievance procedures for the settlement of differences between employes and their superiors, including the plaintiffs.

Plaintiff Fischer alleges that these provisions are contrary to and in derogation of the powers given him as Register of Wills and Clerk of the Orphans' Court by the following statutes:

Act of 1955, August 9, P. L. 323, §1310, 16 Purdon's Statutes 1310.

"The clerk of the orphans' court of each county in which a separate orphans' court is now or hereafter shall be established may appoint an assistant clerk or clerks, but only with the consent and approval of said court."

Act of 1875, March 18, P. L. 25, §2, 17 Purdon's Statutes 1831.

"[I]t shall be the duty of the prothonotary, district attorney and clerks of the several courts to appoint or detail such clerks or deputies as shall enable the several judges to properly dispose of the business before their respective courts."

Act of 1955, August 9, P. L. 323, §450, as amended 1968, November 26, P. L. 1099, No. 341, §1, 16 Purdon's Statutes 450(b).

"Appointees to county offices or positions other than to elected offices shall be subject to removal at the pleasure of the appointing power, except as otherwise expressly provided by law. . . ."

Act of 1955, August 9, P. L. 323, 16 Purdon's Statutes 1305.

"The . . . clerk of the orphans' court . . . shall appoint one first deputy to act in the case of the death or resignation of his principal, or when the office shall become vacant from other causes. The register of wills shall appoint a deputy or deputies as provided by law."

Act of 1972, June 30, P. L.    , No. 164, §741, 20 Purdon's Consolidated Statutes 741.

"The clerk of each orphans' court division . . . may appoint an assistant clerk or clerks, . . . with the consent and approval of the division."

Act of 1972, June 30, P. L.    , No. 164, §902, 20 Purdon's Consolidated Statutes 902.

"Every register shall appoint a deputy or two deputies who shall have power to perform the duties of the office in his behalf. . . ."

Mr. Kennedy, the District Attorney, contends that the contract provisions hereinbefore mentioned are contrary to or in derogation of the powers given him as District Attorney by the following statutes:

Act of 1955, August 9, P. L. 323, §1420, 16 Purdon's Statutes 1420.

"[T]he district attorney may appoint such number to assist him in the discharge of his duties, as is fixed by the salary board of the county."

Act of 1955, August 9, P. L. 323, §1426, 16 Purdon's Statutes 1426.

"The salary board in any county may provide for the appointment by the district attorney of such clerks and stenographers in his office as may be deemed necessary for the proper dispatch of business."

Act of 1955, August 9, P. L. 323, §1440, 16 Purdon's Statutes 1440.

"[T]he district attorney may appoint one chief county detective, one assistant county detective and such other county detectives as the salary board may authorize."

Act of 1955, August 9, P. L. 323, §1441, 16 Purdon's Statutes 1441.

"The district attorney . . . may, . . .[when determined] necessary, appoint a special detective . . . ."

Act of 1875, March 18, P. L. 25, §2, 17 Purdon's Statutes 1831.

"[I]t shall be the duty of the prothonotary, district attorney and clerk of the several courts to appoint or detail such clerks or deputies as shall enable the several judges to properly dispose of the business before their respective courts."

Act of 1955, August 9, P. L. 323, §450, as amended 1968, November 26, P. L. 1099, No. 341, §1, 16 Purdon's Statutes 450(b).

"Appointees to county offices or positions other than to elected offices shall be subject to removal at the pleasure of the appointing power, except as otherwise expressly provided by law. . . ."

The plaintiffs also contend that they are judicial officers or have judicial powers and that the contract provisions objected to offend the separation of powers doctrine.

The Public Employe Relations Act, under which the labor agreement of which the plaintiffs complain was entered into, provides that the parties to such an agreement shall not effect or implement a provision which would be inconsistent with or violate statutes. Act of July 23, 1970, P. L. 563, §703, 43 P.S. §1101. (Supp. 1974-1975.) It is clear to the chancellor that the cited provisions of the instant contract are at least consistent with the statutory provisions relied on by the plaintiffs.

Further, in *Sweet v. Pennsylvania Labor Relations Board,* 457 Pa. 456, 322 A. 2d 362 (filed July 16, 1974) our Supreme Court held, in setting aside the certification of a union as the exclusive bargaining representative of court-related employes of Washington County, that the judges of the Court of Common Pleas are "at least *an* employer of *some* of the employes included in the bargaining unit" (emphasis in original) and were in that case illegally excluded from the certification process. The statutes cited by the plaintiffs make out a case sufficiently clear for the purpose of preliminary injunction that they are employers who

may not be excluded from bargaining on a new contract with respect to the employes of their offices.

We have concluded, therefore, that we should issue a special or preliminary injunction staying the enforcement by the defendants of the provisions of the current contract objected to by the plaintiffs and further restraining the defendants from incorporating said provisions in the new contract being negotiated.

We are also asked to enjoin the commissioners from interfering with the intended action of the plaintiff Fischer to discipline an employe for taking a leave authorized by the labor contract and the purpose of the defendant Kennedy to employ replacements for resigned employes of his office. It seems to us that such an order is unnecessary in the light of our restraint of the defendants from enforcing the contract provisions complained of and further that such an order would be in derogation of the powers of the commissioners, as members of the salary board, to participate in the fixing of salaries and numbers of employes of the plaintiffs' offices. We would expect, however, that the commissioners would act responsibly in carrying out their duties in this regard.

## ORDER

AND Now, this 6th day of August, 1974, after hearing, it is ordered that the defendants be and each of them is hereby enjoined and restrained preliminarily and until further order herein from enforcing as to employes of the plaintiffs' offices, the following provisions of the existing contract dated August 27, 1973, effective August 1, 1973, between the County of Erie and the American Federation of State, County and Municipal Employes Union AFL-CIO:

Article VII

Article XII B and C

Article XIII A, D and E

Article XVI B and D

Article XXVIII D, E and F

The defendants are further enjoined and restrained preliminarily from including in any new labor contract concerning employes of the plaintiffs' offices the provisions set forth above or any other provisions which abridge or encroach upon the plaintiffs' rights set forth in the statutes cited in this opinion.

OPINION BY PRESIDENT JUDGE BOWMAN, August 13, 1974:

On transfer from the Supreme Court of Pennsylvania which had assumed plenary jurisdiction of these causes of action in equity originally filed in the Court of Common Pleas of Erie County, we have before us preliminary objections of the defendants, the Erie County Commissioners, to the respective complaints of the District Attorney and Register of Wills of that county. The underlying controversy involves the interpretation and application of the litigation-generating Public Employe Relations Act, Act of July 23, 1970, P. L. 563, 43 P.S. §1101.101 (Supp. 1974-1975).

The two complaints are substantially the same, differing only as to the public office each plaintiff holds and the statutory law each asserts as affording him certain rights and control over personnel of his office, and from which facts and statutory law each contends a collective bargaining agreement covering court-related employees of Erie County is unlawful to the extent that it encroaches upon the statutory prerogatives of each public official.

Defendants filed preliminary objections to these complaints asserting (1) the needed joinder of the Pennsylvania Labor Relations Board (PLRB) as a party defendant—it having certified the bargaining unit, and (2) a demurrer to the effect that the relief prayed for would require defendants to violate the provisions of

the Public Employe Relations Act, under the provisions of which they are parties to a collective bargaining agreement, and also subject them to unfair labor practice charges.

In essence, both these objections necessarily assume that the action heretofore taken by the PLRB in certifying the bargaining unit in question and the collective bargaining contract thereafter negotiated and entered into between defendants and court-related employees of Erie County are lawful in all respects, an assumption that now appears to be doubtful.

Subsequent to oral argument before this Court upon the preliminary objections in question, our Supreme Court handed down its opinion in *Sweet v. Pennsylvania Labor Relations Board,* 457 Pa. 456, 322 A. 2d 362 (No. 144 March Term, 1974, filed July 16, 1974), *rev'g* 12 Pa. Commonwealth Ct. 358, 316 A. 2d 665 (1974). In that case, involving judges of the Court of Common Pleas of Washington County asserting like employer prerogatives, the Court held:

"The determination of *who* is the employer or employers of a group of employes is *not governed* by Act 195, however, even though the Act may have raised certain considerations in this regard which were not envisioned prior to its passage. [Footnote omitted.]
. . . .
"The relation of employer and employe exists when a party has the right to select the employe, the power to discharge him, and the right to direct both the work to be done and the manner in which such work shall be done. McColligan v. Pennsylvania Railroad Co., 214 Pa. 229, 63 A. 792 (1906). See, also Smalich v. Westfall, 440 Pa. 409, 269 A. 2d 476 (1970) ; Ragano v. Socony Vacuum Oil Co., 376 Pa. 271, 101 A. 2d 686 (1954). The duty to pay an employe's salary is often coincident with the status of employer, but not solely determinative of that status. Rodgers v. Washington

County Institution District, 349 Pa. 353, 37 A. 2d 587 (1944). Our review of the present record convinces us that appellants are at least *an* employer of *some* of the employes included in the bargaining unit comprised of court-related employes." (Emphasis in original.)

In light of this decision, there is now grave doubt that the collective bargaining contract presently in force in Erie County as to court-related employees is lawful in all respects as it pertains to personnel in the offices of the Register of Wills and District Attorney. It also may be that the collective bargaining unit certified by the PLRB covering what appears to be all court-related employees of that county is invalid, a determination which can be made, however, without the necessity of the PLRB being a defendant in these actions as distinquished from its possible right to intervene.

For the foregoing reasons, we enter the following

### ORDER

Now, August 13, 1974, defendants' preliminary objections are dismissed and defendants are hereby directed to answer plaintiffs' complaints within thirty (30) days of the date hereof.