Sweet et al., Appellants, *v.* Pennsylvania Labor Relations Board.

Argued May 23, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*David S. Posner,* Court Administrator, for appellants.

*James F. Wildeman, Louis B. Kushner* and *Robert D. Douglass,* Special Counsel, with them, *Raymond W. Cromer, James L. Crawford, James B. Brown, Herman J. Bigi,* County Solicitor, *Pierce & Douglass,* and *Rothman, Gordon, Foreman & Groudine,* for appellees.

*Morton Meyers,* for Alton A. McDonald, H. Clifton McWilliams, Jr., Joseph F. O'Kicki and Arnold D. Smorto, Judges of the Court of Common Pleas of Cambria County, amici curiae.

*Alexander Unkovic, Frederick J. Francis,* and *Meyer, Unkovic & Scott,* for Pennsylvania Conference of State Trial Judges and the Pennsylvania Bar Association, amicus curiae.

*Scott F. Zimmerman, James J. Restivo, Jr.,* and *Reed, Smith, Shaw & McClay,* for Court of Common Pleas of Allegheny County, amicus curiae.

Opinion by Mr. Chief Justice Jones, July 16, 1974:

The proceedings which give rise to this appeal began on June 19, 1972, when the Service Employees Interna-

tional Union, Local 585 (SEIU), filed with the Pennsylvania Labor Relations Board (the Board) a petition for representation of public employees, at No. PERA-R-2209-W, alleging that it was the appropriate unit for the purpose of collective bargaining for "all court-related employees of Washington County."[1] The petition further alleged that the public employer was the County of Washington acting through its County Commissioners and that a copy of the petition was sent to that public employer pursuant to the Public Employe Relations Act, P. L. 563, No. 195, art. VI, §603, 43 P.S. §1101.603 (Act 195). Appellants, the judges of the Court of Common Pleas of the Twenty-Seventh Judicial District claim to be the public employer of certain mem-

---

[1] Included in the class of court-related employees as found by the Board were those in the departments "directly involved with and necessary to the operation of the court," including Register of Wills, Sheriff, Prothonotary, Clerk of Courts, Domestic Relations, District Attorney, Orphans' Court, Common Pleas Court, Probation, Office of the Justices of the Peace, and Public Defender. In addition, the record indicates that the law library was an additional department to be included.

A petition for representation of non-court-related employees was filed on June 13, 1972, and docketed at No. PERA-R-2194-W. The reason that two units were proposed was due to the interdiction of Section 604(3) of the Public Employe Relations Act, 43 P.S. §1101.604(3). The employes included within this group were those employes in the Office of the Commissioners, Maintenance, Assessment, Sealer of Weights and Measures, Treasurer, Tax Claim Bureau, County Controller, Recorder of Deeds, Data Processing, Photo Recording, Coroner, County Communications, Civil Defense, Military Affairs, Parks, and Bridge Crew. This appeal does not concern itself with the certification of SEIU as the exclusive representative of this group of employes, however, and consequently we need not address the difficult question of who is the employer or employers of these persons. *But see Anderson v. Stein*, No. 40 August Term, 1973 (York C. P., filed February 28, 1974), wherein the Court of Common Pleas of York County determined that the Register of Wills, and not the County Commissioners, was the employer of persons working in the office of Register of Wills.

bers of this group, but they were not sent a copy of the petition.

A pre-election conference was held on August 15, 1972, and a hearing was held on September 14, 1972, at both of which appellants were not represented. When appellants did become aware of the proceedings, they immediately filed a petition to intervene.[2] This petition was denied by the Board as untimely, but it was docketed, giving appellants the opportunity to pose the issues raised in the petition by way of exceptions to the nisi order when filed.

Pursuant to the Board's order of December 1, 1972, an election for the court-related unit was held on December 14, 1972, at which SEIU was chosen to represent the employes. The Board issued a nisi order of certification on January 8, 1973, in which it incorporated the conclusion that Washington County through its County Commissioners was the employer of the court-related employes. Both appellants and the County Controller filed exceptions to this order. Briefs were filed and oral argument was heard. Thereafter, on August 8, 1973, the Board issued its final order dismissing the exceptions and affirming the nisi order of certification.

Appellants filed a petition for review with the Court of Common Pleas of Washington County pursuant to Section 1502 of Act 195, 43 P.S. §1101.1502. Since the petitioners were the judges of that court and thus disqualified from hearing the case, this Court, on September 4, 1973, granted appellants' petition that we assume plenary jurisdiction, and the matter was transferred to the Commonwealth Court for disposition. The

---

[2] A petition to intervene was also filed by the Washington County Controller, who, as a member of the Salary Board, contended that the court-related employes were the employes of the court or judges and not the County Commissioners, and that the number and compensation of such employes was within the jurisdiction of the Salary Board and not the Commissioners.

issues raised before the Commonwealth Court and those now presented to this Court are (1) whether appellants are the employer of the judges' personal staff and the administrative and probation personnel of the Court of Common Pleas; and (2) if the answer to the first question is in the negative, whether Act 195 is unconstitutional as applied to judicial employes.[3] The Commonwealth Court answered both questions in the negative and affirmed the Board in a four-three opinion. *Sweet v. Pennsylvania Labor Relations Board,* 12 Pa. Commonwealth Ct. 358, 316 A.2d 665 (1974) (MENCER, J., filed a dissenting opinion, in which CRUMLISH and KRAMER, JJ., joined). We now reverse.

Act 195 effectuated the avowed policy of promoting orderly and constructive relationships between public employers and their employes by "(1) granting to public employes the right to organize and choose freely their representatives; (2) requiring public employers to negotiate and bargain with employe organizations representing public employes and to enter into written agreements evidencing the result of such bargaining; and (3) establishing procedures to provide for the protection of the rights of the public employe, the public employer and the public at large." 43 P.S. §1101.101. The *sine qua non* to the applicability of Act 195 is that the employer be a "public employer." Section 301(1) of the Act defines "public employer" as follows: "Public employer means the Commonwealth of Pennsylvania, its political subdivisions including school districts,

---

[3] The judges of the Court of Common Pleas of Cambria County have raised in an amicus curiae brief the argument that Act 195 is unconstitutional as an unwarranted interference with the courts *regardless* of whether the courts or the County Commissioners are found to be the public employer. That issue, however, is not presented to the Court by this appeal and we advert to neither the merits or demerits of such an argument at this time but reserve that decision for the appropriate day.

and any officer, board, commission, agency, authority, or other instrumentality thereof and any nonprofit organization or institution and any charitable, religious, scientific, literary, recreational, health, educational or welfare institution receiving grants or appropriations from local, State or Federal governments but shall not include employers covered or presently subject to coverage under the act of June 1, 1937 (P. L. 1168), as amended, known as the 'Pennsylvania Labor Relations Act,' the act of July 5, 1935, Public Law 198, 74th Congress, as amended, known as the 'National Labor Relations Act.' " 43 P.S. §1101.301(1). The determination of *who* is the employer or employers of a group of employes is *not governed* by Act 195, however, even though the Act may have raised certain considerations in this regard which were not envisioned prior to its passage.[4]

This Court has not heretofore been called upon to determine who is the particular employer of a given employe in relationship to Act 195, the Pennsylvania Labor Relations Act, P. L. 1168, No. 294, §1 *et seq., as amended,* 43 P.S. §211.1 *et seq.,* or the Labor Anti-Injunction Act, P. L. 1198, §1 *et seq., as amended,* 43 P.S. §206a *et seq.* Each of these acts has defined "employer" only for purposes of the respective acts. Our decisions under the Pennsylvania Labor Relations Act and the Labor Anti-Injunction Act have dealt with the issue of whether the employer in question came within the scope of the pertinent act. *E.g., Pennsylvania Labor Relations Board v. Overbrook Golf Club,* 385 Pa.

---

[4] In its Final Order, the Board properly recognized that Act 195 did not change employer-employe relationships which existed prior to its passage. Inexplicably, however, the Board claimed that the interpretation put forth by appellants would in effect create an employer status in the judiciary where no such employer-employe relationship exists prior to Act 195. To the contrary, we are of the opinion that the findings of the Board and the majority of the Commonwealth Court create such a result.

358, 123 A.2d 698 (1956); *Locust Club v. Hotel and Club Employees' Union*, 397 Pa. 357, 155 A.2d 27 (1959). The more fundamental question of whether an employer-employe relationship exists is one of first impression with this Court in the context of labor relations. The tests developed in other areas of the law for ascertaining the existence of an employer-employe relationship, however, are equally probative of the issue as presented in the instant case.

The relation of employer and employe exists when a party has the right to select the employe, the power to discharge him, and the right to direct both the work to be done and the manner in which such work shall be done. *McColligan v. Pennsylvania Railroad Co.*, 214 Pa. 229, 63 A. 792 (1906). *See, also Smalich v. Westfall*, 440 Pa. 409, 269 A.2d 476 (1970); *Ragano v. Socony Vacuum Oil Co.*, 376 Pa. 271, 101 A.2d 686 (1954). The duty to pay an employe's salary is often coincident with the status of employer, but not solely determinative of that status. *Rodgers v. Washington County Institution District*, 349 Pa. 357, 37 A.2d 610 (1944). Our review of the present record convinces us that appellants are at least *an* employer of *some* of the employes included in the bargaining unit comprised of court-related employes.

The courts of this Commonwealth under our Constitution have certain inherent rights and powers to do all such things as are reasonably necessary for the administration of justice. *Leahey v. Farrell*, 362 Pa. 52, 66 A.2d 577 (1949); *Commonwealth v. Brownmiller*, 141 Pa. Superior Ct. 107, 14 A.2d 907 (1940). As recognized by Judge MAXEY, later Chief Justice of this Court, in *In re Surcharge of County Commissioners*, 12 Pa. D. & C. 471 (Lack. C. P. 1928): "The power to appoint necessary attendants upon the court is inherent in the court in order to enable it to perform properly the duties delegated to it by the constitution, and it

cannot be doubted that judicial power includes the authority to select persons whose services may be required in judicial proceedings or who may be required to act as the assistants of the judges in the performance of their judicial functions." *Id.* at 477, *quoting from* 7 Ruling Case Law, "Courts," §12, p. 985. Appellants were not permitted to intervene or offer testimony at the hearing before the Board, and on the present record we are unprepared to, nor need we, make a definitive statement on appellants' status as employer with regard to each of the classes of persons represented by the bargaining unit.[5] The bargaining unit, as submitted in the petition of the SEIU, is not an appropriate unit in any event since it is neither an "employer unit" nor a subdivision thereof as required by Section 604 of Act 195, 43 P.S. §1101.604, because there is no single employer of all the included employes.[6]

Accordingly, for the reasons set forth in this opinion the order of the Commonwealth Court affirming the Board's final order of certification is reversed.

Mr. Justice MANDERINO concurs in the result.

_____

[5] We do note, however, that the legislature has expressly recognized the employer status of the judges of the Courts of Common Pleas and the court itself in regard to certain court-related employes. For example, the Act of May 1, 1907, P. L. 135, §1, 17 P.S. §1801, empowers judges to select and appoint stenographers. The Act of April 14, 1834, P. L. 333, §7, *as amended,* 17 P.S. §1861, empowers the judges to appoint criers, tipstaves, and constables. The Act of May 10, 1909, P. L. 495, §3, 19 P.S. §1083, authorizes the court to appoint probation officers. The Act of July 13, 1953, P. L. 431, §4, 62 P.S. §2043.34, authorizes the court to appoint domestic relations officers and assistants. The Act of August 9, 1955, P. L. 323, §1965, 16 P.S. §1965, authorizes the president judge to appoint a librarian. The Act of April 17, 1913, P. L. 79, §1, 17 P.S. §1876, authorizes the judges of the Courts of Common Pleas of counties having a population of one million two hundred thousand and over to appoint janitors.

[6] This resolution of the first issue renders moot the second argument raised by appellants.

464

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

I agree that the orders of the Commonwealth Court and the Pennsylvania Labor Relations Board should be reversed. In my view, Act 195 does not include within its scope those persons appointed, directed, or under the supervision of the judges of the various courts of this Commonwealth. If it did, that Act would impermissibly intrude upon the functioning of our independent Judiciary. I am unwilling to attribute such an unconstitutional purpose to Act 195.

Mr. Justice NIX joins in this concurring opinion.