388 A.2d 736

COMMONWEALTH of Pennsylvania ex rel. Edward J. BRADLEY (President Judge acting individually and on behalf of all the Judges of the Court of Common Pleas of Philadelphia), Appellant,

v.

PENNSYLVANIA LABOR RELATIONS BOARD and Raymond L. Scheib and Joseph J. Licastro and James H. Jones, Respondents,

American Federation of State, County and Municipal Employees, AFL–CIO, Intervenor.

Supreme Court of Pennsylvania.

Argued Oct. 18, 1977.

Decided July 14, 1978.

Warren M. Laddon, Philadelphia, for appellants at No. 366.

James F. Wildeman, James L. Crawford, Harrisburg, for Pennsylvania Labor Relations Bd.

Richard Kirschner, Philadelphia, for intervenor, AFL–CIO.

Marvin Comisky, Alan C. Gershenson, Kenneth F. Kahn, Andrea B. Wapner, Philadelphia, Jonathan Vipond, III, Harrisburg, for Admn. Office of Pa. Courts.

Morton Meyers, Johnstown, for Judges of Cambria County.

Charles N. Sweet, Morrisville, for County of Bucks.

Stephen A. Sheller, Philadelphia, for Pa. Social Services Union.

Robert Kane, Atty. Gen., for Dept. of Justice.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This appeal presents the question whether court reporters of Philadelphia are "public employes" enjoying rights under the Public Employe Relations Act (Act 195),[1] and, if so, whether Act 195 unconstitutionally interferes with the independence of the judiciary.[2] We hold that court reporters are "public employes," and Act 195 is constitutional.

## I

### Procedural History

On August 5, 1974, the American Federation of State, County, and Municipal Employees (AFSCME) filed with the Pennsylvania Labor Relations Board a petition for represen-

1. Act of July 23, 1970, P.L. 563, §§ 101 et seq., 43 P.S. §§ 1101.101 et seq. (Supp.1977).

2. We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 204, 17 P.S. § 211.204 (Supp.1977).

tation, alleging that it represented at least thirty per cent of the court reporters of Philadelphia. The petition named the City and the Court of Common Pleas of Philadelphia as employer. Despite notice, the City did not appear at a hearing before the Board concerning the petition. AFSCME amended its petition to exclude the City as a named employer.

Finding that Act 195 applies to the employment relationship between judges and court reporters, the Board ordered an election, following which the Board, on June 19, 1975, certified AFSCME as the exclusive bargaining representative of court reporters. The Board dismissed the judges' continuing objection that Act 195 does not apply to their court reporters, and entered a final order of certification.

Appellants Philadelphia judges appealed the Board's order to the Court of Common Pleas of Philadelphia and petitioned this Court to assume plenary jurisdiction over the controversy. We granted the petition and transferred the proceedings to the Commonwealth Court. The Commonwealth Court affirmed the order of the Board and we granted appellants' petition for allowance of appeal.

II

*The Scope of Act 195*

Section 401 of Act 195, 43 P.S. § 1101.401, sets forth the rights of "public employes:"

*"Employe rights*

It shall be lawful for public employes to organize, form, join or assist in employe organizations or to engage in lawful concerted activities for the purpose of collective bargaining or other mutual aid and protection or to bargain collectively through representatives of their own free choice and such employes shall also have the right to refrain from any or all such activities, except as may be

required pursuant to a maintenance of membership provision in a collective bargaining agreement."

"Public employes" are defined as follows:

"As used in this act:

* * * * * *

(2) 'Public employe' or 'employe' means any individual employed by a public employer but shall not include elected officials, appointees of the Governor with the advice and consent of the Senate as required by law, management level employes, confidential employes, clergymen or other persons in a religious profession, employes or personnel at church offices or facilities when utilized primarily for religious purposes and those employes covered under the act of June 24, 1968 (Act No. 111) . . ."

Act 195, § 301(2), 43 P.S. § 1101.301(2). "Public employer" is defined in § 301(1), 43 P.S. § 1101.301(1):

"As used in this act:

(1) 'Public employer' means the Commonwealth of Pennsylvania, its political subdivisions including school districts and any other officer, board, commission, agency, authority, or other instrumentality thereof and any nonprofit organization or institution and any charitable, religious, scientific, literary, recreational, health, educational or welfare institution receiving grants or appropriations from local State or Federal governments but shall not include employers covered or presently subject to coverage under the act of June 1, 1937 (P.L. 1168), as amended, known as the 'Pennsylvania Labor Relations Act,' the act of July 5, 1935, Public Law 198, 74th Congress, as amended, known as the 'National Labor Relations Act.'"

Thus, court reporters of Philadelphia enjoy the rights set forth in Section 401 of Act 195 if they are "employed by a public employer" within the meaning of Section 301(1) of Act 195.

Appellants have the power to hire, discharge, and direct the work of their court reporters, see *Costigan v.*

*Local 696, AFSCME*, 462 Pa. 425, 434, 341 A.2d 456, 461 (1975), and therefore an employment relationship exists between appellants and their court reporters. Id.; see *Sweet v. Pennsylvania Labor Relations Board*, 457 Pa. 456, 322 A.2d 362 (1974) (*Sweet I*).[3] Appellants contend, however, that they are not "public employers" within the meaning of Section 301(1) and that the Legislature's failure to mention the unified judicial system in Section 301(1) and Act 195's assertedly ambiguous scope, demonstrate at least an arguable legislative intent not to include courts under the Act.[4] Appellants believe that we should therefore invoke the canon of statutory construction favoring a narrow reading to avoid perceived constitutional infirmities. See 1 Pa.C.S.A. § 1922(3) (Supp.1977).

**3.** Nothing we say in *Ellenbogen v. County of Allegheny*, 479 Pa. 429, 388 A.2d 730 (1978), requires a different conclusion. In *Ellenbogen*, we decide only that Allegheny County commissioners are the managerial representative in representation proceedings and collective bargaining under Act 195 involving court personnel. We do not decide that court personnel are not employed by judges for purposes other than bargaining and representation proceedings; indeed, we uphold the constitutionality of Act 195 in *Ellenbogen* principally because judges retain the right to hire, discharge, and supervise court personnel.

**4.** For example, appellants argue that Section 805 of Act 195, 43 P.S. § 1101.805, deeming decisions of arbitrators requiring legislative enactment as advisory, demonstrates a legislative awareness that arbitrators have no legislative authority. From this awareness, and because judges alone can hire, discharge, and supervise employees of the judicial system, see Act of June 29, 1976, P.L. 460, § 1, amending The County Code, Act of August 9, 1955, P.L. 323, § 1620, 16 P.S. § 1620 (1956 and Supp.1977), appellants contend that if the Legislature meant Act 195 to cover the judiciary it would have provided a similar proviso governing decisions of arbitrators requiring judicial action.

Act 195 expressly refers to "courts of this Commonwealth." §§ 604(3) and 805, 43 P.S. §§ 1101.604(3) and 1101.805. Section 604(3) provides that the Board, in determining the appropriateness of a bargaining unit, shall not permit "employes directly involved with and necessary to the functioning of the courts of this Commonwealth" to be included in a bargaining unit of other public employes. Section 805 provides for binding arbitration upon impasse in collective bargaining in cases involving the same class of employes. Appellants read these sections to cover only those employes charged "with the physical security of courts," including sheriff's deputies.

446

■ The Legislature, in its recent amendment to The County Code,[5] has resolved any doubt concerning the scope of Section 301(1) of Act 195. Section 1620 of The County Code now provides:

> "*Salaries and Compensation*
>
> The salaries and compensation of county officers shall be as now or hereafter fixed by law. The salaries and compensation of all appointed officers and employes who are paid from the county treasury shall be fixed by the salary board created by this act for such purposes: *Provided, however, That with respect to representation proceedings before the Pennsylvania Labor Relations Board or collective bargaining negotiations involving any or all employes paid from the county treasury, the board of county commissioners shall have the sole power and responsibility to represent judges of the court of common pleas, the county and all elected or appointed county officers having any employment powers over the affected employes. The exercise of such responsibilities by the county commissioners shall in no way affect the hiring, discharging and supervising rights and obligations with respect to such employes as may be vested in the judges or other county officers.*"

(1976 amendment emphasized). This amendment authorizes county commissioners to act as the managerial representative in proceedings under Act 195 involving court personnel, without in any way interfering with the supervisory authority of the courts. *Ellenbogen v. County of Allegheny*, 479 Pa. 429, 388 A.2d 730 (1978); *Sweet v. Pennsylvania Labor Relations Board*, 479 Pa. 449, 388 A.2d 740 (1978) (*Sweet II*); *Bucks County Board of Judges v. Bucks County Commissioners*, 479 Pa. 457, 388 A.2d 744 (1978). By designating county commissioners as the managerial representative for judges, the Legislature has made clear that it intended Section 301(1) to include judicial employees, even without

5. Act of June 29, 1976, P.L. 460, § 1, amending Act of August 9, 1955, P.L. 323, § 1620, 16 P.S. § 1620 (1956 and Supp.1977).

express reference to the unified judicial system. Based on this recent amendment to The County Code, we must conclude that appellants are "public employers" for purposes of determining coverage of Act 195, thus entitling Philadelphia court reporters to enjoy the benefits of Act 195. See § 401, 43 P.S. § 1101.401.

## III

*The Constitutionality of Applying Act 195 To The Courts*

■ Appellants argue that subjecting "wages, hours and other terms and conditions of employment," see Act 195, § 701, 43 P.S. § 1101.701, to bargaining will interfere with their ability to administer justice. Appellants contend that arbitrators called upon whenever bargaining reaches an impasse could render decisions removing judges' control over important considerations such as starting times, overtime work, and appointment of court reporters. They also contend that the Board would be empowered to create too many bargaining units and, through unfair labor charge procedures, see Act 195, § 1201, 43 P.S. § 1101.1201, decide that courts have discharged or disciplined an employee illegally.

On this record, appellants' fear for the continued independence of the judiciary is unjustified. As we concluded in *Ellenbogen v. County of Allegheny*, supra, so long as judges retain authority to select, discharge, and supervise court personnel, the independence of the judiciary remains unimpaired. These crucial areas of judicial authority are not infringed by collective bargaining, which here will resolve matters involving wages and other financial terms of employment. See Act 195, §§ 701 and 702, 43 P.S. §§ 1101.701 and 1101.702; see generally *Pennsylvania Labor Relations Board v. State College Area School District*, 461 Pa. 494, 337 A.2d 262 (1975). Moreover, should collective bargaining impair the independence of the judicial function, nothing in Act 195 nor our decision in *Ellenbogen* prohibits courts from taking reasonable, appropriate measures to maintain their independence. See *Commonwealth ex rel. Carroll v. Tate*,

442 Pa. 45, 274 A.2d 193 (1971); *Leahey v. Farrell*, 362 Pa. 52, 66 A.2d 577 (1949).[6]

## IV

### *Conclusion*

Because no dispute exists here concerning the proper managerial representative for purposes of proceedings under Act 195, we are not called upon to decide whether appellants are to sit as the managerial representative in bargaining and representation proceedings with court reporters. We decide only that the Legislature intended Act 195 to apply to court reporters of Philadelphia and, on the present record, such application is constitutional.

Accordingly, the order of the Commonwealth Court is affirmed and the case is remanded to the Pennsylvania Labor Relations Board for proceedings consistent with this opinion.

PACKEL, J., did not participate in the decision of this case.

MANDERINO, J., joins and files a concurring opinion.

NIX, J., concurs in the result.

MANDERINO, Justice, concurring.

I join in the opinion of Mr. Justice Roberts and incorporate herein my concurring opinion in *Ellenbogen v. County of Allegheny*, 479 Pa. 429, 388 A.2d 730 (1978).

6. Relying on *Passaic County Probation Officers' Ass'n v. County of Passaic*, 73 N.J. 247, 374 A.2d 449 (1977), amicus Court Administrator of Pennsylvania contends that Act 195 constitutes an impermissible attempt by the Legislature to regulate judicial administration, a subject assertedly within the exclusive province of this Court. The Court Administrator further argues that implementation of numerous bargaining agreements throughout the Commonwealth pursuant to Act 195 will thwart this Court's effort to unify the judicial system of Pennsylvania. We do not agree. For all the reasons stated in text, Act 195 does not impose any threat to the unification of the judicial function because collective bargaining involving court personnel does not alter judges' authority to administer justice. See *Ellenbogen v. County of Allegheny*, 479 Pa. 429, 388 A.2d 730 (1978).