417 A.2d 164

**WASHINGTON COUNTY COMMISSIONERS, Petitioner,**

v.

**PENNSYLVANIA LABOR RELATIONS BOARD; Pennsylvania Conference of State Trial Judges; and the Washington County Court of Common Pleas and President Judge Charles Sweet, Respondents.**

Supreme Court of Pennsylvania.

Argued March 7, 1980.

Decided July 3, 1980.

Alex E. Echard, Gen. Counsel, Felice Associates, Inc., Greensburg, for petitioners.

Alexander Unkovic, William Meyer, Joseph Vater, Jr., Meyer, Unkovic & Scott, Pittsburgh, for Pa. Conference of State Trial Judges.

W. Gregory, Jr., Washington, D. C., Court Administrator of Washington County, James Crawford, Pa. Labor Rela-, tions Bd., Donald A. Wallace, Harrisburg, for respondents.

Rothman, Gordon, Foreman & Groudine, Louis B. Kushner, Stephen H. Jordan, Pittsburgh, for intervenors (Service Employees International Union, Local 585, AFL–CIO).

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

KAUFFMAN, Justice.

On February 11, 1980, the Commissioners of Washington County (hereinafter "Commissioners"), filed the Petition now before us, in which they seek: (1) direct review of an order of the Pennsylvania Labor Relations Board (hereinafter "PLRB") creating two bargaining units of employees directly involved with and necessary to the functioning of the Court of Common Pleas of Washington County; (2) prohibition of allegedly improper conduct of the Court of Common Pleas of Washington County, President Judge Charles Sweet, and the Pennsylvania Conference of State

Trial Judges (hereinafter "PCSTJ"); and (3) an order restraining the PLRB from taking any further action in the representation election scheduled for February 14, 1980.

The proceedings from which this matter arises began on June 19, 1972, when the Service Employees International Union (hereinafter "SEIU") filed with the PLRB a Petition for Representation of all court-related employees of Washington County. The first question to reach this Court was whether the judges of the Court of Common Pleas constitute the public employer of certain court-related employees for purposes of collective bargaining under the Public Employee Relations Act, Act of July 23, 1970, P.L. 536, No. 195, as amended, 43 P.S. § 1101.101 et seq. (hereinafter "Act 195"). In *Sweet v. PLRB*, 457 Pa. 456, 322 A.2d 362 (1974) (Sweet I), we answered in the affirmative, holding that the judges "are at least *an* employer of *some* of the employees included in the bargaining unit comprised of court-related employees" *Id.*, 457 Pa. at 462, 322 A.2d at 365 (emphasis in original). Subsequently, in *Sweet v. PLRB*, 479 Pa. 449, 388 A.2d 740 (1978) (Sweet II), we held that the "[C]ommissioners of Washington County are the managerial representative in collective bargaining and representation proceedings under [Act 195] involving employees supervised by judges of the Court of Common Pleas of Washington County, and that [the Commissioners'] exercise of this responsibility does not unconstitutionally interfere with the independence of the judiciary" *Id.*, 479 Pa. at 450–51, 388 A.2d at 741 (footnotes omitted).[1] On July 14, 1978, we remanded to the PLRB for

---

1. Our holding in *Sweet II* was predicated on the then recent amendment to the County Code, Act of June 29, 1976, P.L. 460, § 1, amending Act of August 9, 1955, P.L. 323, § 1620, 16 P.S. § 1620, which provides:

Salaries and Compensation

The salaries and compensation of county officers shall be as now or hereafter fixed by law. The salaries and compensation of all appointed officers and employes who are paid from the county treasury shall be fixed by the salary board created by this act for such purposes: Provided, however, That with respect to representation proceedings before the Pennsylvania Labor Relations Board or collective bargaining negotiations involving any or all employes paid from the county treasury, the board of county commissioners

proceedings consistent with our opinion. Following oral argument on the impact of Sweet II and related cases under Act 195 concerning public employers and managerial representatives in county government,[2] the PLRB issued a Nisi Order on February 5, 1979, certifying SEIU as the exclusive representative of a bargaining unit comprised of all professional and non-professional non-supervisory employees directly involved with and necessary to the functioning of the courts in Washington County. The Commissioners, the Court of Common Pleas, the PCSTJ and a group of public employees all filed timely exceptions to the Board's Nisi Order.[3] The Commissioners subsequently withdrew their exceptions, and the PLRB thereafter heard oral argument on those remaining.

On October 2, 1979, after consideration of the exceptions argued, the PLRB issued an Order and Notice of Pre-Election Conference in which it found that the bargaining unit previously certified was inappropriate since it included em-

shall have the sole power and responsibility to represent judges of the court of common pleas, the county and all elected or appointed county officers having any employment powers over the affected employes. The exercise of such responsibilities by the county commissioners shall in no way affect the hiring, discharging and supervising rights and obligations with respect to such employes as may be vested in the judges or other county officers.

2. *See Ellenbogen v. County of Allegheny*, 479 Pa. 429, 388 A.2d 730 (1978); *Commonwealth ex rel. Bradley v. PLRB*, 479 Pa. 440, 388 A.2d 736 (1978); *Board of Judges v. Bucks County Commissioners*, 479 Pa. 455, 388 A.2d 743 (1978); and *Board of Judges v. Bucks County Commissioners*, 479 Pa. 457, 388 A.2d 744 (1978). In *Ellenbogen*, we held that the County Commissioners "are the exclusive representative of management in representation proceedings and collective bargaining under Act 195 involving court employees paid from county funds." 479 Pa. at 438, 388 A.2d at 735. We emphasized, however, that "this exclusive authority . . . does not diminish the right of judges to 'hire, discharge, and supervise' these employees." *Id.* "Indeed, we [upheld] the constitutionality of Act 195 in *Ellenbogen* principally because judges retain the right to hire, discharge and supervise court personnel." *Commonwealth ex rel. Bradley v. PLRB*, 479 Pa. at 445, 388 A.2d at 738.

3. The PCSTJ simultaneously filed a Petition to Intervene, which was denied by the PLRB. The PCSTJ, however, was permitted to participate *amicus curiae*.

ployees who are hired, fired and supervised by the Court of Common Pleas with employees who are not. Citing its own decision in *Berks County*, 9 Pennsylvania Public Employee Reporter (PPER) § 9280 (1978), the PLRB concluded that employees hired, fired and supervised directly by the Court of Common Pleas should be included in a separate bargaining unit.[4] Noting the protracted history of this case, the PLRB did not dismiss SEIU's representation petition, filed on June 19, 1972, for want of an appropriate unit. Instead, a pre-election conference was ordered to determine the date and time for an election of the exclusive employee representative, if any, of the two separate bargaining units.

The PLRB thereafter issued an Order and Notice of Election fixing February 14, 1980 as the election date. On February 11, 1980, the Commissioners filed Petitions in the Commonwealth Court and in this Court seeking identical relief. By Order dated February 13, 1980, the Commonwealth Court denied the Commissioners' request for injunctive relief.[5] On February 27, 1980, we stayed all proceedings until further order.

In their Petition, the Commissioners seek to invoke this Court's plenary jurisdiction[6] and ask that we review the PLRB's October 2, 1979 Order and Notice of Pre-Election Conference and prohibit certain allegedly improper conduct

4. In *Berks County, supra*, the PLRB reasoned, on the basis of our decisions in *Ellenbogen v. County of Allegheny, supra*, and *Commonwealth ex rel. Bradley v. PLRB, supra* "that a separate unit for court appointed employes [as opposed to other court-related employes] is appropriate because of the special nature of the relationship between them and the court, a relationship which has constitutional overtones." 9 PPER § 9280 at 497.

5. We note that the remainder of the Petition is still pending in the Commonwealth Court and that argument has been scheduled for the September session.

6. 42 Pa.C.S.A. § 726 provides:
    Notwithstanding any other provision of law, the Supreme Court may, on its own motion or upon petition of any party, in any matter pending before any court or district justice of this Commonwealth involving an issue of immediate public importance, assume plenary jurisdiction of such matter at any stage thereof and enter a final order or otherwise cause right and justice to be done.

of PCSTJ, the Court of Common Pleas and President Judge Charles Sweet in connection with the proceedings before the PLRB. Petitioners also seek to invoke this Court's original jurisdiction and ask that we issue writs of prohibition against all respondents herein.[7] For the reasons which follow, we decline to exercise plenary jurisdiction to review the PLRB's order creating two bargaining units and find prohibition inappropriate.

Our extraordinary jurisdiction should be invoked sparingly, and only in cases "involving an issue of immediate public importance." 42 Pa.C.S.A. § 726. We have stated that

> [t]he presence of an issue of immediate public importance is not alone sufficient to justify extraordinary relief. As in requests for writs of prohibition and mandamus, we will not invoke extraordinary jurisdiction unless the record clearly demonstrates a petitioner's rights. Even a clear showing that a petitioner is aggrieved does not assure that this Court will exercise its discretion to grant the requested relief. See *Illinois v. City of Milwaukee*, 406 U.S. 91, 92 S.Ct. 1385, 31 L.Ed.2d 712 (1972).

*Philadelphia Newspapers, Inc. v. Jerome*, 478 Pa. 484, 494–95, 387 A.2d 425, 430 (1978), *appeal dismissed*, 443 U.S. 913, 99 S.Ct. 3104, 61 L.Ed.2d 877 (1979). Petitioners have not sustained this heavy burden, but simply have mistitled a premature petition for allowance of appeal as a request for extraordinary relief.[8] See *Ben-Mar Mushroom Farms, Inc.*

---

**7.** 42 Pa.C.S.A. § 721 provides, in pertinent part:
> The Supreme Court shall have original but not exclusive jurisdiction of all cases of:
> * * * * * *
> (2) . . . prohibition to courts of inferior jurisdiction.
> * * * * * *

**8.** Petitioners erroneously argue that there is neither an available process nor a remedy to challenge election proceedings. The regulations promulgated by the PLRB provide for the filing of exceptions to Nisi Orders, see 34 Pa.Code §§ 95.96 and 95.98, and appeals may be taken from final orders of the PLRB. 42 Pa.C.S.A. § 933(a)(1)(vii).

*v. PLRB*, 430 Pa. 407, 243 A.2d 372 (1968) (holding that a challenge to the PLRB's action before issuance of a final order certifying a bargaining representative of the employees involved is interlocutory in nature and will not be entertained).

We further conclude that the Commissioners' prayer for a writ of prohibition, an extraordinary remedy intended to prevent an inferior judicial tribunal from assuming jurisdiction it does not possess, is inappropriate under the facts here presented. See *Commonwealth v. Mullen*, 460 Pa. 336, 339, 333 A.2d 755, 756 (1975); *Pirillo v. Takiff*, 462 Pa. 511, 341 A.2d 896 (1975); *Carpentertown Coal & Coke Co. v. Laird*, 360 Pa. 94, 61 A.2d 426 (1948).[9] PCSTJ is not a judicial tribunal;[10] neither President Judge Sweet nor the Court of Common Pleas has attempted to assume jurisdiction over this matter;[11] and although they ultimately may be found to be erroneous, the actions of the PLRB here complained of are clearly within its jurisdiction.[12] Accord-

9. The discretionary power to issue prohibition is within the original jurisdiction of this Court. 42 Pa.C.S.A. § 726.

10. PCSTJ is a statewide association of trial judges. The only allegations against PCSTJ are that it filed a Petition to Intervene, which was denied by the PLRB, and that it thereafter presented a brief and oral argument *amicus curiae*. The Commissioners assert that this conduct illegally interfered with the performance of their duties as sole managerial representatives.

11. The essence of the Commissioners' claim against President Judge Sweet and the Court of Common Pleas is that they committed an unfair labor practice in connection with the election, a matter clearly within the exclusive original jurisdiction of the PLRB, and that they lack standing to participate in the representation proceedings before the PLRB.

12. The Commissioners maintain that the PLRB erred in creating two bargaining units of court employees and in deciding that the Court of Common Pleas and President Judge Sweet had standing to file exceptions to the February 5, 1979 Nisi Order. As we stated in *In Re: January 1974 Philadelphia County Grand Jury Investigation*, 458 Pa. 586, 328 A.2d 485 (1974), the writ of prohibition is intended "to prevent an unlawful assumption of jurisdiction by an inferior court, not to correct mere irregularities in matters over which the court has cognizance," *Id.*, 458 Pa. at 594, 328 A.2d at 489.

ingly, the Commissioners' request for a writ of prohibition is denied.

The Commissioners also sought an order restraining the PLRB from holding the election scheduled for February 14, 1980 or from taking any further action in this matter pending our review of the merits.[13]

■ Section 605 of Act 195 provides, in relevant part:

Representation elections shall be conducted by secret ballot at such times and places selected by the board subject to the following:

\* \* \* \* \* \*

(7)(i) No election shall be conducted pursuant to this section in any appropriate bargaining unit within which in the preceding twelve-month period and [sic] election shall have been held nor during the term of any lawful collective bargaining agreement between a public employer and an employe representative. . . .

43 P.S. § 1101.605. Because the election held on February 14, 1980 violated the express statutory mandate of Section 605, it clearly was invalid. Accordingly, we accept jurisdiction for the limited purpose of so holding. A representation election properly may be conducted only after expiration of the presently effective collective bargaining agreement on December 31, 1980.

Petition to invoke this Court's plenary jurisdiction and to issue a writ of prohibition is denied except for the limited purpose of declaring the February 14, 1980 election invalid.

13. The Commonwealth Court has exclusive original jurisdiction over civil proceedings against agencies of the Commonwealth. 42 Pa.C. S.A. § 761. As stated *supra*, the Commissioners simultaneously filed identical requests for relief in this Court and the Commonwealth Court on February 11, 1980. By Order dated February 13, 1980, the Commonwealth Court refused to enter a temporary restraining order and the election was held as scheduled.