William M. Reznor, Harold E. Bell, Josephine D. McCutcheon and County of Mercer, Appellants *v.* Brenda S. Hogue, Sarah Fitzgerald, Cynthia Shilling and Catherine Snider, Appellees.

Argued October 8, 1981, before Judges MENCER, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Timothy R. Bonner,* County Solicitor, for appellants.

*Timothy L. McNickle, McBride and McNickle, P.C.,* for appellees.

OPINION BY JUDGE WILLIAMS, JR., January 5, 1982:

This is an appeal from a decision of the Court of Common Pleas of Mercer County granting Judgment on the Pleadings in favor of appellees, who are professional court reporters employed in the County's judicial system.

On January 23, 1980 the Mercer County Salary Board met to determine appellees' compensation for the year 1980. At that time, the Board passed a resolution which increased the court reporters' hourly rate of pay. Additionally, the standard work week for the court reporters was increased from thirty-five hours per week to forty hours per week.

For some time prior to January 23, 1980, the court reporters had filed with the County Controller weekly time sheets indicating a "P" for each day they were present and working, and were paid accordingly. They continued this practice after the January 23, 1980 resolution was passed, and were paid as mandated by that resolution until April 16, 1980.

On February 5, 1980 the County Controller and the County Commissioners wrote a letter to the Mercer County Judges, as the court reporters' Department

Heads, requesting that appellees file future time sheets indicating the actual number of hours worked per day. In response to this request, the Judges informed the Commissioners that appellees would be directed to continue to complete their time sheets in the same manner as they had in the past.

When appellees failed to submit documentation of a forty hour work week, the Salary Board scheduled a meeting on April 16, 1980 to reconsider appellees' salaries. At that meeting, the Board adopted a resolution to pay the court reporters on the basis of a thirty-five hour work week, effective April 16, 1980. Subsequent to that date, appellees were so paid.

As a result of the County's refusal to pay appellees in accordance with the January, 1980 resolution, appellees instituted an action in assumpsit whereby they sought to recover the difference between the amount they were actually paid from April 16, 1980 up to the time of the initiation of the suit and the amount due them pursuant to the January, 1980 resolution. In addition, appellees requested a declaratory judgment interpreting the effect of the actions of the Salary Board and their contract with the County. Subsequently, the court reporters and Mercer County filed cross-Motions for Judgment on the Pleadings. By order dated January 14, 1981 the Mercer County Court of Common Pleas entered judgment in favor of the court reporters. Mercer County and the County Commissioners have appealed to this Court from that decision.

Under our Constitution, the Courts of this Commonwealth have certain rights and powers to do such things as are reasonably necessary for the administration of justice. *Sweet v. Pennsylvania Labor Relations Board,* 457 Pa. 456, 322 A.2d 362 (1974). Amongst these powers is the authority of the judiciary to hire, discharge, and supervise the work of court personnel. *Commonwealth ex rel. Bradley v. Pennsylvania Labor*

*Relations Board,* 479 Pa. 440, 388 A.2d 736 (1978). This power may not, consistent with the constitutional doctrine of separation of powers, be impaired by another branch of government. *Beckert v. American Federation of State, County, and Municipal Employees,* 56 Pa. Commonwealth Ct. 572, 425 A.2d 859 (1981). We are thus confronted here with the question of whether the County Commissioners and Controller, by requiring a specific form of work documentation, unconstitutionally encroached upon the power of the County judiciary to supervise the court reporters.

Sections 1701 and 1702 of The County Code[1] give county commissioners and county controllers the express authority to manage and administer the fiscal affairs of their respective counties. Because court employees are paid for their services out of the county's treasury, we believe that, pursuant to their statutory authority, these county officials have the right to set rules and regulations concerning documentation of hours worked. Such regulations, which function as a system of checks and balances, do not interfere with the power of the judiciary to supervise court personnel. Accordingly, we hold that the Mercer County Controller had the legal authority to pay appellees on the basis of a thirty-five hour work week as a result of their refusal to submit the requested form of work documentation.[2]

For the reasons set forth above, we reverse the decision of the court below.

---

[1] Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. §§1701, 1702.

[2] The court below held that the Board's April 16, 1980 resolution was adopted at an improperly convened meeting and was therefore null and void. In view of our holding, it is unnecessary to address this issue, because the controller and the commissioners had the statutory power to require a specific form of documentation independent of the resolution in question.

ORDER

AND NOW, the 5th day of January, 1982, the order of the Court of Common Pleas of Mercer County dated January 14, 1981 is hereby reversed.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.

---

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent.

I would affirm on the opinion of Judge ROBERT WALKER, specially presiding, for the Court of Common Pleas of Mercer County.