601 A.2d 916

Roseann NOVEMBRINO, City Controller, Appellant,

v.

**INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS LODGE 2462, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 1991.

Decided Jan. 6, 1992.

John J. Brazil, for appellant.

Thomas W. Jennings, for appellee.

Before COLINS and PELLEGRINI, JJ., and LORD, Senior Judge.

PELLEGRINI, Judge.

Roseann Novembrino, City Controller (Controller) of the City of Scranton (City), appeals from an order of the Court of Common Pleas of Lackawanna County which upheld an arbitrator's award in favor of the International Association of Machinists and Aerospace Workers Lodge 2462 (Union).

In December 1987 the City Council approved the Mayor's proposed budget for the 1988 fiscal year. The budget required an immediate reduction in the number of City

clerical employees which would be accomplished only by permanently laying off a large number of City employees.

On December 15, 1987, the day after the budget was approved, written notice was given, pursuant to Article XXII, Section 2 of the City's collective bargaining agreement with the Union, to those employees whose positions had been eliminated. Following notice, the "bumping" process provided for in the collective bargaining agreement began, allowing qualified senior employees in the eliminated positions to displace less senior employees in any other department of the City.

The Controller, believing her office to be independent and not subject to bumping, denied the attempts of five individuals from the City's executive departments to displace more junior employees in her office including the positions of investigator, auditor and administrative assistant. The Union, contending that the Controller's actions were violative of the collective bargaining agreement, filed a multi-part grievance alleging numerous contractual violations. The dispute was submitted for final and binding arbitration, and hearings in this matter were held on June 1, June 2 and July 6 of 1989. The Controller, asserting that she was neither notified nor afforded an opportunity to be heard, did not participate in any of the arbitration proceedings.

At issue before the arbitrator was whether the Controller could legally prevent employees from other City departments from bumping into her office. On January 23, 1989 the arbitrator, finding no contractual basis for not permitting bumping to take place, issued an award favorable to the Union. The Controller then filed a petition to review and vacate the arbitrator's decision.

On December 11, 1990 the trial court, agreeing with the arbitrator's determination that the City's Home Rule Charter (Charter), 335 Pa.Code §§ 11.1–101—11.15–1501, limited the authority of the Controller to the initial appointment of her employees, found that the employees within the Controller's office were members of the Union's bargaining unit and were subject to the bumping provisions in the collective

bargaining agreement. Accordingly, the trial court denied the Controller's petition. The Controller's appeal to this Court followed.[1]

The Controller contends that the trial court erred in determining that she cannot prevent other City employees from bumping into her office. The power of the Controller to staff her own office is derived from Section 702 of the Charter, 335 Pa.Code § 11.7–702, which provides:

> The controller shall appoint a deputy controller, preferably an accountant, and may also appoint such employees of his office in such number and at such compensation as is fixed in accordance with law. In all other respects said employees shall be considered employees of the city.

The Controller asserts that she is a joint employer with the City for collective bargaining purposes because Section 702 of the Charter vests her with the exclusive right to staff her office and because she is the only individual who supervises and controls the functions and duties in the office.[2] The Union argues, however, that the Controller is not a joint employer and that her office is subject to the bumping provisions contained in the agreement because the language of Section 702 limits the power of the Controller to initial appointments only.

The issue of joint employers in the context of labor relations has been addressed in a series of cases beginning

---

1. When examining a decision of a trial court, our scope of review is limited to a determination of whether constitutional rights have been violated or whether the trial court abused its discretion or committed an error of law. *Jackson v. Southeastern Pennsylvania Transportation Authority*, 129 Pa.Commonwealth Ct. 596, 599, 566 A.2d 638, 640 (1989).

2. The Controller's contention is also based on the argument that since 1976, when the City enacted the Charter pursuant to the Home Rule Charter and Optional Plans Law, Act of April 13, 1972, P.L. 184, *as amended*, 53 P.S. §§ 1–101—1–1309, her office has not been considered a department within the City. Sections 310 and 610 of the Charter, 335 Pa.Code §§ 11.13–310, 11.16–610, provide a list of the executive branch departments under the supervision of the Mayor. These departments are the Department of Administration, the Department of Public Safety, the Department of Public Works, the Department of Community Development and the Department of Law.

with *Sweet v. Pennsylvania Labor Relations Board,* 457 Pa. 456, 322 A.2d 362 (1974) (*Sweet I*). In *Sweet I,* the labor union alleged that it was the appropriate unit for the purpose of collective bargaining for all court-related employees of Washington County. Our Supreme Court observed that an employer-employee relationship exists when a party has the right to select the employee, the power to discharge him or her and the right to direct both the work to be done and the manner in which such work shall be done, and that the duty to pay an employee's salary is not solely determinative of the status of the employer. The Court, finding that because "judicial power includes the authority to select persons whose services may be required in judicial proceedings or who may be required to act as the assistants of the judges in their performance of their judicial functions," *id.,* 457 Pa. at 463, 322 A.2d at 365 (citation omitted), the judges of the Court of Common Pleas of Washington County were "at least *an* employer of *some* of the employes included in the bargaining unit comprised of court-related employes." *Id.* (Emphasis in original).

Following *Sweet I,* in *Costigan v. Philadelphia Finance Department Employees Local 696,* 462 Pa. 425, 341 A.2d 456 (1975), the Register of Wills of the City of Philadelphia brought an action to enjoin arbitration under a collective bargaining agreement entered into by his predecessor and the labor union. The Register contended that the agreement was void because the former register was without power to enter into an agreement and bind his successors to the agreement's terms and because the City of Philadelphia, as a joint employer and a necessary party to any such agreement, was not a party to the agreement.

In concluding that the collective bargaining agreement was not enforceable because the City of Philadelphia, as a joint employer, was not a party to the agreement, our Supreme Court found that the Register had exclusive control over hiring, firing, promoting and supervising employees in his office while the City of Philadelphia paid the employees' salaries and other compensation, the City of Philadelphia was a joint employer with the Register of

Wills. The Supreme Court, defining the employer-employee relationship, stated:

> [T]he terms 'employee' and 'employer' in [the National Labor Relations Act] carry with them more than the technical and traditional common law definitions. They also draw substance from the policy and purpose of the Act, the circumstances and background of particular employment relationships, and all the hard facts of industrial life.
>
> And so the Board, in performing its delegated function of defining and applying these terms, must bring to its task an appreciation of economic realities, as well as a recognition of the aims which Congress sought to achieve by this statute. This does not mean that it should disregard the technical and traditional concepts of 'employee' and 'employer.' But it is not confined to those concepts. It is free to take account of the more relevant economic and statutory considerations.

462 Pa. at 433, 341 A.2d at 460 (citing *National Labor Relations Board v. E.C. Atkins & Co.*, 331 U.S. 398, 403, 67 S.Ct. 1265, 1268–69, 91 L.Ed. 1563 (1947)).

The holdings of *Sweet I* and *Costigan* were further refined in *Ellenbogen v. County of Allegheny*, 479 Pa. 429, 388 A.2d 730 (1978) and *Sweet v. Pennsylvania Labor Relations Board*, 479 Pa. 449, 388 A.2d 740 (1978), collectively known as *Sweet II*. The issue before the Supreme Court was whether the decisions in *Sweet I* and *Costigan* were valid even after The County Code [3] was amended to specifically provide that in matters affecting hiring, firing and supervision of judicial and other county offices, the County Commissioners were the sole bargaining agent under the Public Employees Relations Act (Act 195), Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§ 1101.101–1101.2301. The Supreme Court held that where employees exercising their rights under Act 195 are paid from the county treasury, such employees would be represented by

3. Act of June 29, 1976, P.L. 460, § 1, amending Act of August 9, 1955, P.L. 323, § 1620, *as amended*, 16 P.S. § 1620.

the county commissioners because the amendment to The County Code placed in the commissioners of counties of the third through eighth classes exclusive authority to represent all managerial interests in representation proceedings and at the bargaining table.

■ Because the present appeal does not involve the payment of public employees from county funds, *Costigan* and not *Sweet II* applies to the present appeal. As in *Costigan*, the Controller, an elected official, is charged with the performance of the specialized duties assigned to her office. Although the City pays her employees' salaries and other compensation, Section 702 of the Charter confers upon the Controller the right to select whomever she believes is qualified to assist her in the performance of those duties. The performance of her duties also involves the important tasks of supervising the employees and directing their work and, at times, discharging unsatisfactory employees.

If the Controller's Office were subject to bumping, however, the Controller would no longer have control over who works in her office. She would not be able to perform her duties as efficiently because the smooth operation of her office would be disrupted by individuals who, in the Controller's opinion, may not be qualified to perform the jobs of those who were bumped out and thereby lessen her credibility with the electorate who ultimately will judge her performance. Because bumping would severely undermine the Controller's power over her staff as well as her power to appoint her staff, Section 702 of the Charter would be rendered nugatory. Because the Controller's power over employment matters does not begin and end the moment an employee is appointed, the Controller is a joint employer for purposes of bargaining and administering labor relations, insofar as working conditions in her office are concerned, and may prevent other City employees from bumping into her office.

■ Even though the Controller is a joint employer entitled to bargain with her employees concerning working

conditions in her office, we are confronted with the existence of a collective bargaining agreement of which her employees are members. The Controller contends that the contract is invalid as it applies to her because she was not a party to the agreement. Our review of the record indicates that since the inception of collective bargaining in the City of Scranton, labor contracts in the City have been negotiated without the direct participation of the City Controller and no City Controller has ever signed any collective bargaining agreement because the City, through the Mayor or his designee, has bargained with the Union on behalf of all employees within the bargaining unit. However, the Controllers of the City of Scranton have acquiesced in those labor contracts by abiding by their terms and not previously objecting to their application to their office, even though they have not signed those agreements. Where the essential terms of a contract are settled a signature is not required for a contract to be valid. *Daniel Adams Associates, Inc. v. Rimbach Publishing, Inc,* 360 Pa.Superior Ct. 72, 519 A.2d 997 (1986), *appeal denied,* 517 Pa. 597, 535 A.2d 1056 (1988).[4] At least until the expiration of any existing labor agreement, the City Controller, including the present Controller, although entitled to participate as a joint employer, is bound by the terms of the agreement.

However, even if bound by the agreement, the Controller further contends that she was a necessary party to the arbitration proceedings and because she was not included in those proceedings, her due process rights were violated.[5] The Controller, as a joint employer, should have been a party to the arbitration proceedings because the proceedings involved matters which were going to affect her office. Accordingly, we will remand for new arbitration under the present collective bargaining agreement. An appropriate order will be entered.

**4.** The Controller's employees are included in the original unit certification as members of the bargaining unit. R.R. 71, Exhibits U–1, U–9.

**5.** The right to due process means a right to know how the proceedings shall be conducted, in addition to knowing when the proceedings shall

### ORDER

AND NOW, this 6th day of January, 1992, the order of the Court of Common Pleas of Lackawanna County dated December 11, 1990, is hereby reversed. The above-captioned matter shall be remanded to the arbitrator for new arbitration proceedings under the present collective bargaining agreement for a determination as to the effect of the collective bargaining agreement on the office of the City Controller in light of the City Controller's status as a joint employer.

Jurisdiction relinquished.

be conducted. *Commonwealth of Pennsylvania, Department of Health v. Brownsville Golden Age Nursing Home, Inc.,* 103 Pa.Commonwealth Ct. 449, 520 A.2d 926, 930 (1987), *petition for allowance of appeal denied,* 515 Pa. 610, 529 A.2d 1083 (1987). Because her power to appoint employees to her office was involved, the Controller had a direct interest in the outcome of the litigation. *See South Whitehall Township Police Service v. South Whitehall Township,* 521 Pa. 82, 555 A.2d 793 (1989). Accordingly, the Controller was entitled to notice and representation separate from that of the City, the other joint employer.