**Cranston v. Zepp**

*Michael W. Flannelly,* for plaintiff.

*A. Taylor Williams* and *Howard M. Holmes,* for defendant John C. Zepp III.

*Judith G. Hirsh,* for defendant Adams County.

BUCKINGHAM, *S.J.,* January 8, 1993—This matter is before the court on the motion of the defendant, Adams County, to dismiss the motion of the defendant, John C. Zepp III to join the county as an additional defendant on the plaintiff's complaint against Zepp. Neither the county nor Zepp has asked for oral argument.

The background of this case is not complicated. The plaintiff originally sued Zepp, an elected district justice in Adams County, and the county, alleging that Zepp refused to hire her as his clerk because she was pregnant. The complaint alleged that she was required to take a clerical test administered by the county, which she passed. Zepp thereupon offered her the job subject to final approval by the county. However, several days later, upon learning from the plaintiff that she was pregnant, Zepp refused to hire her.

The county preliminarily objected to the complaint on the ground that it was not the employer of Zepp and, therefore, not liable to the plaintiff. The plaintiff contended that the county was liable to her on the theory of respondeat superior.

By an opinion and order dated September 20, 1991, we agreed with the county, granted its preliminary objection and dismissed the county from the case. This was on the basis that, while the plaintiff, if hired by Zepp, would have been a county employee, Zepp was not an employee of the county but was rather an independent elected official, a member of the Pennsylvania

Unified Court System and, like common pleas court judges, absolutely independent of the county, even though the county was responsible to (1) provide him with a staff and (2) pay his expenses, including the salaries of his staff. Under these facts we held that Zepp had the unquestioned authority to hire his own staff as he was the one responsible for choosing his employees.

Subsequently, Zepp moved to join the county as an additional defendant under Pa.R.C.P. 2253 on the theory that the county, by implication or operation of law, must indemnify Zepp in all employment-related claims and satisfy any employment-related judgments against him. Zepp concedes that there is no express or specific requirement in the law classifying the county as his indemnitor. The county requests the court to dismiss Zepp's motion and raises two issues.

First, the county contends that Zepp waited too long to join the county as an additional defendant.

Second, the county contends that it is not an indemnitor for Zepp in this situation.

In view of our disposition of the second issue we need not address the first.

Zepp's theory relies on the following quoted portions of *Allegheny County v. Commonwealth of Pennsylvania*, 517 Pa. 65, 534 A.2d 760 (1987):

"The Judicial Code required that county officials provide adequate staff for the courts:

"'Whenever necessary, it shall be the duty of county officers to appoint or detail such county staff as shall enable the judges of the courts embracing the county to properly transact the business before their respective courts.' 42 Pa.C.S. §2302.

"Further, the county is required to establish and maintain a judicial and related account. 42 Pa.C.S. §3541. Out of this account the county must pay:

"'(1) Salaries, fees and expenses of:

"'(i) Appointive judicial officers.

"'(ii) Other system and related personnel which by statute are required to be paid by the political subdivision.

"'(2) Salaries, fees and expenses of jurors, witnesses and all other persons paid under authority of law by the political subdivision for the maintenance of judicial and related functions.' 42 Pa.C.S. §3544.

"The code also provides:

"'Except as otherwise provided by statute, each county shall continue to furnish to the court of common pleas and community court embracing the county, to the minor judiciary established for the county and to all personnel of the system, including central staff entitled thereto, located within the county, all necessary accommodations, goods and necessary services which by law have heretofore been furnished by the county.' 42 Pa.C.S. §3722.

"Finally, we note that the Second Class County Code mandates that a salary board shall fix the compensation of certain court employees:

"'The board, subject to limitations imposed by law, shall fix the compensation of all appointed county officers, and the number and compensation of all deputies, assistants, clerks and other persons whose compensation is paid out of the county treasury, and of all court criers, tipstaves and other court employees, and of all officers, clerks, stenographers and employees appointed by the judges of any court and who are paid from the county treasury.' 16 P.S. §4823.

"See also The County Code, 116 P.S. §1623, where similar obligations are imposed upon counties of the third

through eighth classes. In sum, it is apparent that the General Assembly intended to create a legislative scheme in which funding of the various judicial districts was primarily a responsibility of the counties, and that these responsibilities include the funding of salaries, services and accommodations for the judicial system.

"The Supreme Court went on to hold that the existing statutory scheme described above 'is in conflict with the intent clearly expressed in the [Pennsylvania] constitution that the judicial system be unified.' However, this judgment was and remains stayed 'to afford the General Assembly an opportunity to enact appropriate funding legislation consistent with this holding. Until this is done, the prior system of county funding shall remain in place.'"

We have examined the cited portions of *Allegheny* and believe that there is nothing therein which even remotely suggests that the county is an indemnitor of a district justice on claims arising out of his decision *not* to hire someone for his staff. *Allegheny* simply stands for the proposition, which everyone concedes, that the county is responsible for (1) funding the expenses and salaries of its employees, including the staff of common pleas court judges and district justices, and (2) providing facilities for the judges and district justices free of charge to them.

As we indicated earlier, a district justice is entirely independent of the county, being, like the common pleas court judges, a member of the Pennsylvania Unified Court System, even though the county must pay his expenses and the salaries of his staff and even though, in the present case, the county participated to some extent in helping the district justice in his decision whether to hire someone. As we pointed out in our previous opinion, in the final analysis, it is the district justice who *alone* is responsible for hiring his employees, not the county.

This conclusion is supported by *Lehigh County v. Commonwealth of Pennsylvania Labor Relations Board,* 507 Pa. 270, 489 A.2d 1325 (1985).

There the court stated at 275, 489 A.2d at 1327:

"The power to appoint necessary personnel is inherent in the judicial power. *Sweet v. Pennsylvania Labor Relations Board (Sweet I),* 457 Pa. 456, 322 A.2d 362 (1974); see also 42 Pa.C.S. §2301. The authority to supervise and to discharge court-appointed employees is not only a necessary corollary to this appointment power but also is essential to the maintenance of an independent judiciary. See *Commonwealth ex rel.Bradley v. Pennsylvania Labor Relations Board,* [479 Pa. 440, 388 A.2d 736 (1978)]; *Ellenbogen v. County of Allegheny,* 479 Pa. 429, 388 A.2d 730 (1978). Since the court has the inherent right to hire, discharge and supervise, an employer-employee relationship exists by definition between the judges and their *appointees. Commonwealth ex rel. Bradley v. Pennsylvania Labor Relations Board, supra; Sweet I, supra;* see *Costigan v. Philadelphia Finance Department Employees Local 696, AFSCME,* 462 Pa. 425, 341 A.2d 456 (1975). The fact that those employees are paid by the county does not alter the court's employer status." *Sweet I, supra.* (emphasis added)

It also stated at page 276, 489 A.2d at 1328:

"16 P.S. §1620 (Supp. 1984-85), section 1620 now provides:

"'The salaries and compensation of county officers shall be as now or hereafter fixed by law. The salaries and compensation of all *appointed* officers and employees who are paid from the county treasury shall be fixed by the salary board created by this act for such purposes....

"'The exercise of such responsibilities by the county commissioners shall in no way affect the hiring, discharging and supervising rights and obligations with respect to such *employees* as may be vested in the judges...'" (emphasis added)

Thus, since we continue to hold that the county is not responsible in any way to anyone who applies for a job with the district justice *until such time as she is hired by the district justice,* we here now hold that the county is not liable to Zepp by way of indemnification for any claim which the plaintiff may have against him for his refusing to hire her. We shall enter an order granting the county's motion to dismiss Zepp's petition to join the county as an additional defendant in this case.

## ORDER

And now, January 8, 1993, the motion of Adams County to dismiss the petition of the defendant John C. Zepp III to join Adams County as an additional defendant is granted.

An exception is granted to the defendant, John C. Zepp III.