**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | |
|---|---|
| LISE RAPAPORT AND SEAMUS MCCAFFERY, | : No. 94 EM 2014 |
| | : |
| Respondents | : |
| | : |
| v. | : |
| | : |
| INTERSTATE GENERAL MEDIA, LLC, WILLIAM MARIMOW, CRAIG MCCOY, SIGNE WILKINSON, AND MICHAEL DAYS, | : |
| | : |
| Petitioners | : |

## CONCURRING STATEMENT

**MR. CHIEF JUSTICE CASTILLE**                    **FILED:  September 3, 2014**

I concur in the Court's denial of petitioners' request that the Court exercise its extraordinary jurisdiction to review legal questions concerning false light invasion of privacy claims.  In my view, however, the questions identified by petitioners are indeed important.  Petitioners' core complaint is that they will be obliged to proceed to trial under a novel legal standard created by the Superior Court in Krajewski v. Gusoff, 53 A.3d 793 (Pa. Super. 2012).  The Krajewski decision presented questions of sufficient importance that this Court granted discretionary review of that published decision, only to dismiss the appeal after the plaintiff died.  74 A.3d 119 (Pa. 2013) (granting appeal); 84 A.3d 1057 (Pa. 2014) (appeal dismissed upon motion of estate executors).  Petitioners believe the Krajewski standard is erroneous, improperly burdens the press

and prompts self-censorship, and thereby keeps matters of public concern unreported. Petitioners further claim that, in addition to suffering the overall chilling effect of Krajewski, they will be forced to litigate this case under an incorrect standard that can only be corrected by this Court.

I believe there is merit to petitioners' position, because of the chilling effect of such novel First Amendment decisions by our intermediate appellate court, but the instant request is, at best, premature. See, e.g., Washington Cty. Comm'rs v. Pa. Labor Relations Bd., 417 A.2d 164, 167 (Pa. 1980) ("Petitioners have not sustained th[e] heavy burden [for extraordinary jurisdiction], but simply have mistitled a premature petition for allowance of appeal as a request for extraordinary relief."); Philadelphia Newspapers, Inc. v. Jerome, 387 A.2d 425, 430 n.11 (Pa. 1978) ("The presence of an issue of immediate public importance is not alone sufficient to justify extraordinary relief. As in requests for writs of prohibition and mandamus, we will not invoke extraordinary jurisdiction unless the record clearly demonstrates a petitioner's rights. Even a clear showing that a petitioner is aggrieved does not assure that this Court will exercise its discretion to grant the requested relief."). In my view, the underlying issue of public interest warrants full development in discovery to provide necessary context for the constitutional issues we accepted for review in Krajewski, and which are evident here.