County of Lehigh, Petitioner *v.* Commonwealth
of Pennsylvania, Pennsylvania Labor Relations
Board et al., Respondents.

Argued November 16, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS, BLATT, WILLIAMS, JR. and MACPHAIL.

*Wilbur C. Creveling, Jr.,* for petitioner.

*Ellis H. Katz,* with him *James L. Crawford* and *Anthony C. Busillo, II,* for respondent, Pennsylvania Labor Relations Board.

*Bruce M. Ludwig,* with him *Robert A. Sloan,* for intervenor, Pennsylvania Social Services Union.

OPINION BY JUDGE WILLIAMS, JR., September 1, 1983:

Lehigh County (county) petitions for review of the final order of the Pennsylvania Labor Relations Board (PLRB) dismissing most exceptions filed by the County to the PLRB's nisi order which certified the Service

Employees International Union, Local 668, AFL-CIO (Union) as the exclusive representative of all County, court-appointed professional and nonprofessional employes for the purpose of collective bargaining under the Pennsylvania Employe Relations Act (PERA).[1]

Seeking to represent all court-appointed,[2] County professional and nonprofessional employes, the Union filed a representation petition with the PLRB on October 10, 1978. After a number of hearings which clarified the appropriate bargaining unit, and as a result of the representation election held on March 7, 1980, the PLRB issued a Nisi Order of Certification certifying the Union as the exclusive representative of the County's court-appointed employes.

The County filed a petition for review to the Court of Common Pleas of Lehigh County of the PLRB's final order after the PLRB dismissed the majority of the County's exceptions[3] to the certification procedure thus making the Nisi Order of Certification absolute and final. Upon the Supreme Court's granting of the intervening Union's Application for Extraordinary Relief pursuant to 42 Pa. C. S. §726, the matter was

---

[1] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§1101.101-1101.2301.

[2] The PLRB had repeatedly defined "court-appointed" employes to include those individuals who are directly involved with and necessary to the functioning of the court and who are hired, fired and directed by the courts. Employes who are not hired, fired and directed by the court but who are involved with and necessary to the functioning of the courts are termed "court-related" employes. *Washington County*, 10 (Pennsylvania Public Employe Reporter) PPER ¶10268 (1979); *Berks County*, 9 PPER ¶9280 (1978).

[3] Concluding that part-time tipstaves are not public employes within the intendment of Section 301(2) of the PERA, 43 P.S. §1101.301(2), the PLRB excluded these employes from the bargaining unit in its final order.

transferred from the common pleas court to this Court on June 16, 1981.

Raising a number of challenges, the County contends that (1) the bargaining unit comprised exclusively of court-appointed employes (individuals hired, fired and supervised by the court) is inappropriate since such unit excludes court-related employes (individuals not hired, fired and supervised by the court) notwithstanding the ostensible community of interest among all court employes; (2) the County's executive branch, and not the County Commissioners, should represent all managerial interests for purposes of collective bargaining; (3) judicial secretaries should be excluded from the bargaining unit because of their confidential status; (4) the PLRB's removal of part-time tipstaves from the bargaining unit after the representation election rendered invalid the Union's certification; and (5) a Comprehensive Employment Training Act (CETA) employe was improperly included in the bargaining unit.

Our scope of review in appeals of final orders of the PLRB certifying exclusive bargaining representatives is limited to determining whether the Board's findings are supported by substantial and legally credible evidence and whether the conclusions are reasonable and not arbitrary, capricious or illegal. *Commonwealth of Pennsylvania v. Pennsylvania Labor Relations Board*, 64 Pa. Commonwealth Ct. 525, 441 A.2d 470 (1982). Further, in deference to the PLRB's experience and expertise, "we must permit [it] ... to weigh the facts relevant to the appropriateness of a [bargaining] unit unless the Board does so in an arbitrary, capricious, or unreasonable manner." *Albert Einstein Medical Center v. Pennsylvania Labor Relations Board*, 30 Pa. Commonwealth Ct. 613, 616-17, 374 A.2d 761, 762-63 (1977) (citing *Western Psychiatric Institute and Clinic v. Pennsylvania Labor*

*Relations Board*, 16 Pa. Commonwealth Ct. 204, 211-12, 330 A.2d 257, 261 (1974)).

Challenging the PLRB's well-established policy of certifying separate bargaining units for court-appointed and court-related employes,[4] the County urges that all court employes who are directly involved with and necessary to the functioning of the court should comprise one unit because such employes share the same identifiable community of interest under Section 604 of PERA, 43 P.S. §1101.604, which provides in part that:

> The board shall determine the appropriateness of a unit which shall be the public employes unit or a subdivision thereof. In determining the appropriateness of the unit, the board shall:
>
> (1) Take into consideration *but shall not be limited to the following*: (i) public employes must have an identifiable community of interest, and (ii) the effects of over-fragmentization. (Emphasis added.)

The long-standing policy of the PLRB to certify as a unit court employes subject to judicial hiring, discharge and supervision arose in response to Supreme Court decisions in *Ellenbogen v. County of Allegheny*, 479 Pa. 429, 388 A.2d 730 (1978), *Commonwealth ex rel. Bradley v. Pennsylvania Labor Relations Board*, 479 Pa. 440, 388 A.2d 736 (1978), *Sweet v. Pennsylvania Labor Relations Board*, 479 Pa. 449, 388 A.2d 740 (1978), *Board of Judges v. Bucks County Commissioners*, 479 Pa. 455, 388 A.2d 743; *Board of Judges v. Bucks County Commissioners*, 479 Pa. 457, 388 A.2d 744 (1978) (collectively referred to as *Sweet II*).[5]

---

[4] *See, Berks County*, 9 PPER ¶9280 (1978); *Washington County*, 10 PPER ¶10268 (1979); *Somerset County*, 11 PPER ¶11288 (1980).

[5] In *Sweet v. Pennsylvania Labor Relations Board*, 457 Pa. 456, 322 A.2d 362 (1974) (*Sweet I*) common pleas court judges

While the *Sweet* II decisions designated county commissioners to be "the exclusive representatives of management in representation proceedings and collective bargaining under [PERA] involving court employes paid from county funds," *Ellenbogen*, 479 Pa. at 438, 388 A.2d at 735, such authority to negotiate employment contracts was expressly and repeatedly limited to matters involving wages and financial terms "which do not affect judges' authority over the essential areas of hiring, discharging, and supervising of court personnel...." *Id*. at 438, 388 A.2d at 735.

In *Bradley* and *Ellenbogen* the constitutionality of PERA when applied to court-appointed employes was upheld insofar as judges retained authority to select, discharge and supervise court personnel; the independence of the judiciary remained unimpaired; and, the doctrine of the separation of powers as embodied in Article V, Section I of the Pennsylvania Constitution remained inviolate. *See, AFSCME v. Pennsylvania Labor Relations Board*, 62 Pa. Commonwealth Ct. 548, 437 A.2d 468 (1981) (county commissioners did not commit an unfair labor practice by refusing to negotiate terms of a collective bargaining agreement which impinged upon exclusive authority of judges to select, discharge and supervise their employes); *Eshelman v. Commissioners of the County of Berks*, 62 Pa. Commonwealth Ct. 310, 436 A.2d 710 (1981) (arbitration award governing the discharge, demotion, suspension and discipline of court-appointed employes stricken because such award infringed upon judges' authority to select, discharge and supervise court personnel) and *Beckert v. AFSCME*, 56 Pa. Commonwealth Ct. 572, 425 A.2d 859 (1981) (PLRB

---

were determined to be public employers of certain employes included in bargaining units comprised of court-related employes.

enjoined from exercising jurisdiction over unfair labor practice charge involving discharge of court-appointed employe, even though such discharge allegedly violated PERA).

Notwithstanding the alleged sharing of a community of interest by all County court employes, the PLRB's designation of a bargaining unit exclusively comprising professional and nonprofessional court-appointed employes represents a reasonable response to, and recognition of, constitutional constraints flowing from the separation of powers doctrine and the necessity for an independent judiciary. *Ellenbogen; Bradley*.

Therefore, in deference to the Board's expertise, *Western Psychiatric Institute and Clinic*, and in recognition of the constitutional requirement of separation of powers and the necessity to preserve the independent functioning of the judiciary, *Beckert*, we hold that the PLRB's inclusion of County, court-appointed employes in a separate unit to be reasonable and based on findings of fact which are supported by substantial evidence.

The County contends next that the County Executive (executive branch) and not the Board of Commissioners (legislative branch) should be designated as the exclusive managerial representative for representation and collective bargaining purposes in accordance with the County's Home Rule Charter, 339 Pa. Code §§101-1113. We disagree inasmuch as the PLRB's selection of the County Commissioners is reasonable, supported by substantial evidence and in accord with the rules, policy and rationale of *Ellenbogen*.

In *Ellenbogen*, the Supreme Court, adopting "the sound legislative judgment" expressed in the 1976

amendment of The County Code,[6] held that county commissioners, of *"all judicial districts,"*[7] are the exclusive management representatives for the courts in representation proceedings and collective bargaining under PERA involving court employes paid from county funds appropriated by county commissioners. *Id.* at 436, 388 A.2d at 734. Thus, the legislative power of commissioners to raise revenue, appropriate monies and adopt a budget is the necessary condition for their designation as managerial representative for representation and collective bargaining purposes. By denominating legislative, and not executive branch, officials as the managerial representatives the Legislature ensured the promotion of fiscal responsibility and continued cost feasibility of collective bargaining agreements. *Id.*

Since the Home Rule Charter exclusively authorizes the County Board of Commissioners to "make ap-

---

[6] Section 1 of the Act of June 29, 1976, P.L. 460, *amending* Section 1620 of the Act of August 9, 1955, P.L. 323, 16 P.S. §1620, provides in part:

> That with respect to representation proceedings before the Pennsylvania Labor Relations Board or collective bargaining negotiations involving any or all employes paid from the county treasury, the board of county commissioners shall have the sole power and responsibility to represent judges of the court of common pleas, the county and all elected or appointed county officers having any employment powers over the affected employes.

[7] Although Section 1620, 16 P.S. §1620, applies only to counties of the third through eighth classes, Section 102 of The County Code, 16 P.S. §102, the Supreme Court extended the rule and rationale embodied in Section 1620 to all judicial districts:

> The Legislature's amendment to The County Code promotes policies which apply to each of these districts and we perceive no reason why the sound legislative judgment expressed in the 1976 amendment should not be adopted by this Court and made applicable to courts throughout the Commonwealth.

*Ellenbogen,* 479 Pa. at 437-38, 388 A.2d at 734.

propriations, incur indebtedness, and adopt the budget,'' 339 Pa. Code §302(b), and to ''levy taxes,'' 339 Pa. Code §302(c), the Board of Commissioners, rather than the County Executive, is in a better position to ensure the economic feasibility of collective bargaining agreements by appropriating funds necessary to finance prospective collective bargaining agreements. The PLRB's designation of the Board of Commissioners as the management representative for purposes of representation and collective bargaining is affirmed.

The County further urges this Court to exclude judicial secretaries from the bargaining unit because such employes are ''confidential'' and therefore not public employes within the meaning of Section 301(2) of PERA, 43 P.S. §1101.301(2).[8] Employes are deemed confidential, and excluded from the bargaining unit, when they ''work in a close continual relationship with managerial employes who actually formulate, determine or effectuate the employer's labor policy.'' *Pennsylvania Labor Relaitons Board v. Altoona Area School District*, 480 Pa. 148, 156, 389 A.2d 553, 557 (1978).

Acknowledging that the Board of Commissioners, and not the County judiciary, should be the exclusive management representative for collective bargaining purposes, *Ellenbogen;* that the record is barren of evidence indicating that the judicial secretaries work closely and continually with managerial employes who

---

[8] Section 301(13) of PERA, 43 P.S. §1101.301(13), provides the following:

(13) ''Confidential employee'' shall mean any employee who works: (i) in the personnel offices of a public employer and has access to information subject to use of the public employes in collective bargaining; or (ii) in a close continuing relationship with public officers or representatives associated with collective bargaining on behalf of the employer.

formulate, determine or effectuate the employer's labor policy and that the PLRB made an unexcepted to finding of fact that judicial secretaries have not been involved in collective bargaining, we affirm the PLRB's conclusion that the judicial secretaries are not confidential employes under PERA. In so doing, we recognize the expertise of the PLRB.

Without citation to authority, the County argues that the PLRB's exclusion of five (5) part-time tipstaves from the bargaining unit subsequent to the representation election invalidated the Union's certification. Although sixty (60) ballots were cast in favor of the Union and forty-one (41) ballots were cast for no representation (thus the five votes of the part-time tipstaves could not have affected the election outcome), the County conjectures that the part-time tipstaves may have influenced other employes to vote in favor of the Union. Since the ballots cast by the part-time tipstaves could not have affected the election result, we reject the wholly speculative argument of the County and affirm the PLRB.

Lastly, the County contends that the PLRB erred by not excluding a CETA-funded employe[9] from the bargaining unit because such employe lacks an expectation of continued employment necessary to establish a community of interest with the regularly funded employes of the unit. Competent evidence of record amply supports the PLRB's finding that the County's CETA-funded employes receive the same wages and fringe benefits, perform the same job functions and are subject to the same supervisory authority by the various department heads as other employes in comparable non-subsidized positions.

---

[9] The sole CETA employe involved in the instant case is Lillian Corozza, a librarian's assistant.

An additional factor probative of community of interest for CETA-funded employes, however, is their reasonable expectation of continued employment. *Westmoreland County,* 11 PPER ¶11017 (1979). A reasonable expectation of continued employment exists whenever the employer has a "history or policy of placing some of the CETA workers into non-CETA-funded positions or affording terminated CETA employes the opportunity of being hired if a vacancy [becomes] available." *Erie County Area Vocational-Technical School v. Pennsylvania Labor Relations Board,* 52 Pa. Commonwealth Ct. 388, 396, 417 A.2d 796, 799 (1980). Our review of the record reveals substantial support for the PLRB's position that the CETA-funded court-appointed employe has a reasonable expectation of continued employment and thus a community of interest with regularly-funded employes.[10]

Finding no merit in the County's arguments we dismiss its appeal and affirm the order of the Pennsylvania Labor Relations Board.

### ORDER

AND Now, this 1st day of September, 1983, the Final Order of the Pennsylvania Labor Relations Board, Case No. PERA-R-11, 852-C, dated March 12, 1981, is hereby affirmed.

---

[10] The record demonstrates that some CETA-funded employes have been retained well-beyond their CETA expiration dates; that it was the County's objective to employ as many CETA-funded employes as possible in non-subsidized positions; and that terminated CETA employes have been retained in regularly-funded positions on a regular basis.

DISSENTING OPINION BY JUDGE ROGERS:

I dissent from the majority's affirmance of the PLRB's action of including judges' secretaries in the bargaining unit. Judges' secretaries, in my opinion, fit within the PERA's definition at Section 301(13), 43 P.S. §1101(13), of a confidential employe as one who works "in a close continuing relationship with public officers . . . associated with collective bargaining on behalf of the employer." Confidential employees are excluded from the definition of public employe by PERA Section 301(2); 43 P.S. §1101.301(2); *Sweet II* established that the Legislature could constitutionally designate the County Commissioners as the exclusive bargaining representative for court-related employes; but it also held that the judges must retain the right to hire, discharge and supervise court employes. Judges are therefore their secretaries' employers, and it is unrealistic to suppose that judges are not persons actually as well as technically associated with the collective bargaining engaged in by the County Commissioners on their behalf.

I also believe that the judges' secretaries are "employees . . . necessary to the functioning of the courts," required to be excluded from any unit with other public employees by PERA Section 604(3), 43 P.S. §1101.604(3).

I concur in the court's order in all other respects.