619 A.2d 382

**TEAMSTERS LOCAL 115, Petitioner,**

v.

**PENNSYLVANIA LABOR RELATIONS BOARD, Respondent (Two cases).**

Commonwealth Court of Pennsylvania.

Argued March 4, 1992.

Decided Dec. 29, 1992.

Reargument Denied Feb. 23, 1993.

Walter H. De Treux, for petitioner.

John B. Neurohr, for respondent.

Kenneth M. Jarin, for intervenor.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, McGINLEY, SMITH and KELLEY, JJ.

DOYLE, Judge.

Before us are the consolidated appeals of Teamsters Union Local 115 (Union) from orders of the Pennsylvania Labor Relations Board (Board) dismissing the Union's exceptions to its decision declining to accept jurisdiction over unfair labor practice charges filed by the Union against the Court of Common Pleas of Philadelphia County (Employer).

Before we reach the question of the Board's jurisdiction, however, we must address the threshold issue of this Court's own jurisdiction.[1] Although the parties do not "contest" the jurisdiction of this Court (and both agree that we do *not* have jurisdiction), both parties urge us to accept or retain jurisdiction in the interests of "judicial and administrative economies."[2] Were the economy of judicial administration

---

1. The issue of subject matter jurisdiction is not waivable and may be raised sua sponte by this Court at any time. *See Pheasant Run Civic Organization v. Board of Commissioners of Penn Township*, 60 Pa. Commonwealth Ct. 216, 430 A.2d 1231 (1981).

2. In the jurisdictional statement in its briefs, the Union states that:
   By statute, the Commonwealth Court does not have jurisdiction over appeals from government agencies covered by Section 933 of the Judicial Code, 42 Pa.C.S.A. 933. Jurisdiction lies in the Court of Common Pleas of Philadelphia County.
   And, in the Board's "Application for Relief in the Nature of a Motion to Consolidate and *Motion to Retain Jurisdiction*," the Board states:
   Because Commonwealth Employees are not involved, jurisdiction lies in the Court of Common Pleas of Philadelphia County, which is the

the only basis for our jurisdiction, we would be obliged to remand this matter to the Court of Common Pleas of Philadelphia County—even though it is a party and is directly interested in the outcome of this litigation—because this Court cannot vest itself with jurisdiction, nor may the parties foist jurisdiction upon us. *Borough of Ridgway v. Pennsylvania Public Utility Commission*, 83 Pa. Commonwealth Ct. 379, 480 A.2d 1253 (1984).

A close examination of the Judicial Code (Code), however, establishes that this Court does have jurisdiction over this appeal. Section 763 of the Code, 42 Pa.C.S. § 763, provides, in pertinent part:

> (a) **General Rule.**—*Except as provided in subsection (c),* the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of government agencies [3] in the following cases:
>
> > (1) All appeals from Commonwealth agencies [4] ...
>
> . . . .

very entity that the Teamsters allege to have committed unfair labor practices in these cases.

In support of their request that this Court "retain" jurisdiction, however, both parties point out that in previous appeals similar to the instant case (*i.e.*, where a court of common pleas would hear an appeal from the Board concerning a case to which it is essentially a party) "the appeals have been transferred to [the Commonwealth Court] for disposition." In the cases referred to, however, the parties had either petitioned the Supreme Court to exercise its plenary jurisdiction and the Supreme Court, after accepting jurisdiction, had then transferred the matter to this Court, or the appeal had been filed in common pleas court and the union had then petitioned the Supreme Court to transfer the case directly to this Court. *See, Commonwealth ex rel. Gallas v. Pennsylvania Labor Relations Board*, Commonwealth Court Docket No. 314 M.D.1992 (see note 6 *infra* ); *Lehigh County v. Pennsylvania Labor Relations Board*, 76 Pa. Commonwealth Ct. 641, 464 A.2d 699 (1983), *reversed*, 507 Pa. 270, 489 A.2d 1325 (1985); *Ellenbogen v. County of Allegheny*, 479 Pa. 429, 388 A.2d 730 (1978). No such requests have been made to the Supreme Court in the instant case.

3. "Government agency" is defined as:

Any *Commonwealth agency* or any political subdivision or municipal or other local authority, or any officer or agency of any such political subdivision or local authority. [emphasis added]

42 Pa.C.S. § 102.

4. The Pennsylvania Labor Relations Board is a Commonwealth agency.

**(c) Exceptions.**—The Commonwealth Court shall not have jurisdiction of such classes of appeals from government agencies as are:

. . . .

(2) By Section 933 (relating to appeals from government agencies) within the exclusive jurisdiction of the courts of common pleas. (Emphasis added.)

It is therefore clear that we do have jurisdiction over appeals from the Board unless such an appeal is within the appellate review of the courts of common pleas. And, Section 933 of the Code, 42 Pa.C.S. § 933, provides, in pertinent part:

**(a) General rule.**— . . . each court of common pleas shall have jurisdiction of appeals from final orders of government agencies in the following cases:

(1) Appeals from Commonwealth agencies in the following cases:

. . . .

(vii) *Except where an employee of the Commonwealth is involved,* determinations of the Pennsylvania Labor Relations Board under the . . . "Public Employe Relations Act." (emphasis added).

■ Upon a cursory reading, it may appear that the employees in this case, employees of the Court of Common Pleas of Philadelphia County, are not "Commonwealth employees" and therefore, the Unions appeal must first be presented in the Court of Common Pleas of Philadelphia. However, while "Commonwealth employee" is not defined in the Judicial Code, "Commonwealth government" is a defined term which is:

The government of the Commonwealth, *including the courts* and other officers or agencies of the unified judicial system . . . .

42 Pa.C.S. § 102 (emphasis added). Thus, the "government of the Commonwealth" includes the courts of common pleas and it is therefore reasonable to conclude that, for purposes of jurisdiction, an employee of such a court is an employee of the Commonwealth government and hence "an employee of the Commonwealth" under the exception in Section 933(a)(1)(vii)

of the Code. Accordingly, we conclude that this appeal is properly before us.

We now turn to the merits of this appeal. The relevant facts are as follows. In 1991, the Union began an organizational drive among the court employees.[5] A positive response was received from numerous employee groups including maintenance and custodial workers and those employees classified as "court criers," "court officers," and "judicial aides."[6]

5. Where 30% or more of the public employees in an appropriate bargaining unit desire to be exclusively represented for collective bargaining purposes, an employee organization may inform the public employer which may then either consent or refuse to consent to a representation election. *See* Sections 603 and 605 of the Public Employe Relations Act (Act 195), Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§ 1101.603, 1101.605. If the employer consents, an election request is submitted to the Board which may order an election to be held or investigate and conduct hearings to determine the validity of the request. 43 P.S. § 1101.603(b). If the employer withholds consent, the employee organization may file a petition with the Board which must then hold a hearing to determine whether the allegations in the petition are valid and if the proposed unit is appropriate. 43 P.S. § 1101.603(c).

6. We note that the Union filed a petition for representation with the Board on July 29, 1991, several months after the actions complained of in the instant case had occurred. The petition alleged that the Union represented thirty percent or more of the full-time, court-appointed, nonprofessional employees in the Court of Common Pleas of Philadelphia County and asked the Board to order an election to determine whether the employees within the proposed bargaining unit wished to be represented for the purposes of collective bargaining under Act 195. The Court of Common Pleas opposed the inclusion of several classes of employees in the bargaining unit, but, after hearings and fact finding, the Board concluded that only certain judicial secretaries were excludable from the bargaining unit as confidential employees.

On March 25, 1992, the Board issued an order directing the submission of an eligibility list including all but a limited number of judicial secretary positions.

The Court of Common Pleas of Philadelphia County appealed the Board's decision to the Supreme Court of Pennsylvania asking the Supreme Court to assume extraordinary jurisdiction pursuant to Pa. R.A.P. 3309 or for leave to file original process under Pa.R.A.P. 3307. In a per curiam order dated June 19, 1992, the Supreme Court granted leave to file original process but denied the application for extraordinary relief.

On September 9, 1992, the Supreme Court transferred the matter to this Court with an order to determine which employees were confidential employees under Act 195 and were therefore excludable from the bargaining unit. This companion case is presently pending before this

Soon after the commencement of the organizing drive, by letter dated April 9, 1991, the Supreme Court informed Employer that the positions of court criers, court officers and judicial aides would not appear in the 1991–92 budget and that all three of these positions would be replaced by the position of "tipstaff." All employees occupying the old positions were eliminated although some of the affected employees were rehired into the new classification.

With regard to the custodial employees, the Union alleges that "within one week of the recognition of [the Union] as [the] exclusive bargaining representative for maintenance and custodial employees," (Unfair Labor Practice Charge, filed April 25, 1991), Employer ordered the privatization of its custodial services, thus eliminating the jobs of approximately 100 custodial workers. It is not clear from the record before us whether this action was taken at the direction of the Supreme Court, as with the reclassification of the court officers, or whether the Court of Common Pleas of Philadelphia acted on its own initiative.[7]

In response to Employer's actions, the Union filed unfair labor practice charges with the Board alleging that the reclassification of court criers, court officers and judicial aides and the privatization of the custodial services were motivated by anti-union animus and were intended to quash the Union's organization efforts in violation of Sections 1201(a)(1) and 1201(a)(3) of the Public Employe Relations Act (Act 195).[8] The Board refused to issue complaints in response to the charges, however, because it concluded that the constitutional doctrine of separation of powers prevented it from exercising

Court. *See Commonwealth ex rel. Gallas v. Pennsylvania Labor Relations Board,* Commonwealth Court Docket No. 314 M.D.1992 (see note 2 *supra* ).

7. We are somewhat hampered in our synopsis of the factual context of this case by the fact that the Board, because it refused to take jurisdiction, did not engage in fact finding. Thus, we are forced to construct the relevant chronology from the pleadings and briefs filed by the parties.

8. Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §§ 1101.101– 1101.2301.

jurisdiction over the charges where the judicial branch of government was the respondent. The Board reasoned that:

[T]he Commonwealth Court has held that the Board lacks jurisdiction over a charge of unfair labor practices where an entity of the judicial branch is the respondent. *Beckert v. AFSCME*, 56 Pa.Commonwealth Ct. 572, 425 A.2d 859 (1981), *aff'd*, 501 Pa. 70, 459 A.2d 756 (1983). The Court held that an executive branch administrative agency such as the PLRB would violate the doctrine of separation of powers to assume jurisdiction over an unfair labor practice charge where the judicial branch was the designated respondent. Accordingly, the Charge of Unfair Practices is dismissed.

The Union filed exceptions to the Board's decisions, which the Board denied, and appeals to this Court followed.[9]

■ The Union contends that the assertion of jurisdiction by the Board in these cases would not violate the doctrine of separation of powers and argues that the case relied upon by the Board in refusing jurisdiction, *Beckert v. American Federation of State, County and Municipal Employees*, 56 Pa. Commonwealth Ct. 572, 425 A.2d 859 (1981), *aff'd per curiam*, 501 Pa. 70, 459 A.2d 756 (1983), is distinguishable.

First, we are constrained to agree that the *Beckert* decision, relied upon by the Board as the sole basis for refusing jurisdiction, is distinguishable. In *Beckert*, the judges of the Court of Common Pleas of Bucks County *had already entered into a voluntary collective bargaining agreement* or "Memorandum of Understanding" with District Council 88 of the American Federation of State, County and Municipal Employees (AFSCME), the union representing court employees. Article XVIII of the agreement established a three step procedure for the resolution of grievances or disputes between the parties. "Step One" of the grievance procedure required a grievance to be submitted to the appropriate department

9. Our scope of review is limited to a determination of whether constitutional rights have been violated, errors of law have been committed or whether findings of fact are supported by substantial evidence. *St. Joseph's Hospital v. Pennsylvania Labor Relations Board*, 473 Pa. 101, 373 A.2d 1069 (1977).

head. If the grievance was not resolved at "Step One," a "Step Two" appeal could be taken to the court administrator. The critical "Step Three," involved a final appeal to the President Judge who was required to render a final written decision within ten days after the next regularly scheduled Board of Judges meeting. The procedure also provided that grievances would not be subject to arbitration. Thus, the agreement itself provided that the President Judge, or his designee, would have final authority over any matter in any appeal that was not completely resolved at Step Two.

Article XVII of the agreement provided that no employee could be demoted, suspended, disciplined or discharged without just cause and also provided that an employee could appeal any such action by beginning at "Step Two" of the grievance procedure. Article XVII also provided that the agreement would not apply to the extent that it was in conflict with constitutional provisions, statutes, regulations or judicial decisions regarding the operation of the judiciary.

The particular grievance in *Beckert* was over the discharge of a district justice's clerk. The clerk proceeded to grieve her discharge by commencing the grievance at "Step Two" as provided for in Article XVII. An accord was reached between the court administrator and the union, resulting in the clerk being reinstated. However, the district justice himself appealed this decision to the President Judge who then reversed the court administrator and upheld the discharge. The union thereupon filed unfair labor practice charges with the Board alleging that the judges of the Court of Common Pleas of Bucks County had failed to bargain in good faith and that they had not honored the appeal rules set forth in the agreement. Specifically, the union complained that the court administrator had resolved the matter favorably to the clerk at "Step Two," and that under the terms of the agreement, the employer had no right to appeal the matter further to "Step Three." The union also argued that the judges violated Act 195 by not honoring the accord which the union reached with the court administrator at "Step Two."

The Board acted on the charges by issuing a complaint, and the President Judge of the Court of Common Pleas of Bucks County filed in the Commonwealth Court a petition for review in the nature of an action in equity seeking to enjoin the Board from exercising jurisdiction over the unfair labor practice charges.

We held that the Board did not, in this instance, have jurisdiction over this employee discharge because the agreement itself provided that the final appeal and *final* decision would rest with the President Judge. The court administrator was not the public employer, of course; the public employer was the District Justice and the Judges of the Court of Common Pleas of Bucks County. We also noted that what we were faced with was, in truth, not an unfair labor practice charge but merely a dispute over an employee's discharge. We stated:

> The matter in controversy between the petitioner and the union, and referred to the Board, is the judicial discharge of a judicial employee. That is the reality of the matter despite efforts by the union to color it an "unfair labor practice." Therefore, for an agency of a non-judicial branch of government to exercise power over the matter would amount to an unconstitutional encroachment on a province of the judiciary.

*Id.* at 584, 425 A.2d at 864.

*Beckert* stands for the proposition that the ultimate resolution of a dispute over a collective bargaining agreement *which already exists* cannot rest with the executive or legislative branches of government where the issue concerns the authority to select, discharge, or supervise court personnel. In the instant case, however, we are faced with a situation where, *allegedly,* the judiciary refuses to even allow its employees to organize for the purpose of bargaining and consequently, there is no collective bargaining agreement in dispute. *Beckert* is thus clearly distinguishable insofar as it delineates the jurisdiction of the Board over unfair labor practice charges levelled against the judiciary.

Because *Beckert* is not controlling, the legal issue remains: Does the Board possess jurisdiction to hear an unfair labor practice charge alleging that individual employees were fired as a result of the exercise of their right to organize granted by Act 195?

■ The inherent power of the judiciary to control the hiring, firing and supervision of its employees unhindered by other branches of government is well established. As our Supreme Court has stated:

> [T]he power to appoint necessary personnel is inherent in the judicial power. The authority to supervise and to discharge court-appointed employees is not only a necessary corollary to this appointment power but also is essential to the maintenance of an independent judiciary.

*County of Lehigh v. Pennsylvania Labor Relations Board,* 507 Pa. 270, 275, 489 A.2d 1325, 1327 (1985) (citations omitted).

■ Equally well established is the right of court employees to organize and bargain collectively under Act 195. *See Commonwealth ex rel. Bradley v. Pennsylvania Labor Relations Board,* 479 Pa. 440, 388 A.2d 736 (1978); 43 P.S. § 1101.401.[10] And, any interference or restraint of the employees' right to organize and bargain collectively constitutes an unfair labor practice, 43 P.S. § 1101.1201(a)(1), and, by virtue of Section 1301 of Act 195, 43 P.S. § 1101.1301, exclusive original jurisdiction to hear unfair labor practice charges lies with the Board.

At issue in the instant case, therefore, are the competing rights of the courts to supervise their employees and the correlative right of all public employees in Pennsylvania, including judicial employees, to organize. The courts have the

10. Section 401 provides as follows:
It shall be lawful for public employes to organize, form or join or assist in employe organizations or to engage in lawful concerted activities for the purpose of collective bargaining or other mutual aid and protection or to bargain collectively through representatives of their own free choice and such employes shall also have the right to refrain from any or all such activities, except as may be required pursuant to a maintenance of membership provision in a collective bargaining agreement.

inherent right to hire, fire and discharge court employees and such right does not admit of any impingement on the part of the executive or legislative branches. At the same time, however, the employees possess the right to organize and bargain collectively, and the vindication of their rights is left to, in the first instance, the executive branch of government in the form of the Pennsylvania Labor Relations Board.

We conclude that, in this instance, the employees must be given a forum in which to vindicate their rights and that assumption of jurisdiction by the Board in this case would not violate the doctrine of separation of powers.

We are compelled to this conclusion for a number of reasons. First, because the Board is the only forum which can entertain unfair labor practice charges, failure of the Board to accept jurisdiction in the instant case would eviscerate the rights of court employees under Act 195.[11] In *County of Lehigh v. Pennsylvania Labor Relations Board,* 507 Pa. 270, 489 A.2d 1325 (1985), our Supreme Court pointed out that:

> [I]f the rights given under [Act 195] are to have any efficacy, those employees must be permitted to bargain with the county commissioners concerning all of [Act 195's] permissible subjects of collective bargaining.

*Id.* at 279, 489 A.2d at 1330. Moreover, our constitution makes it clear that for every right, there must be a remedy:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have a remedy by due course of law, and right and justice administered without sale, denial or delay....

PA. CONST. art I, § 11.

Corollary to the right to organize and bargain collectively is the remedy of proceeding before the Board in order to have those rights vindicated if there has been a violation. The statutory framework of Act 195 renders the rights and the

---

11. This is not to say that court employees could not pursue an action at law or in equity or pursuant to rights granted in an agreement between court employees and the judges. Rights granted under Act 195, however, are statutory, and no common law cause of action exists to guarantee such rights.

remedy inseparable; if the court employees do not have the ability to proceed before the Board, then they do not have the right, for all intents and purposes, to organize and bargain collectively under Act 195. Such a result clearly runs contrary to the precedents of our Supreme Court. *See Bradley; Ellenbogen v. County of Allegheny,* 479 Pa. 429, 388 A.2d 730 (1978). Chief Justice Nix in *Pennsylvania Labor Relations Board v. State College Area School District,* 461 Pa. 494, 337 A.2d 262 (1975), in commenting upon the decision of public policy contained in Act 195 wrote:

> In this setting we are forced to conclude that the legislature at the time of the passage of Act 195 fully recognized that the right of collective bargaining was crucial to any attempt to restore harmony in the public sector. It would be absurd to suggest that the legislature deliberately intended to meet this pressing need by providing an illusory right of collective bargaining.

So in the matter now before this Court, providing public employees with the right to organize would be illusory if there was no corresponding right providing a forum to vindicate a violation of that right.

This Court has previously reached the same conclusion in dicta in *Beckert.* There we noted that Act 195 cannot constitutionally be interpreted as immunizing judicial employees from the inherent judicial power of discharge. At the same time, however, we stated: "[t]hat is not to say that an employee can be discharged for exercising a right conferred by statute or constitutionally protected without raising due process considerations" (citations omitted). *Beckert,* 56 Pa. Commonwealth Ct. at 581 n. 9, 425 A.2d at 863 n. 9. In the instant case, the Union alleges that the court employees have been discharged for exercising a right conferred by Act 195 and thus the due process considerations which we expressed concern over in *Beckert* are present here. The Union must be afforded an opportunity, consistent with due process principles, to air its grievances.

Furthermore, the fact that our Supreme Court has specifically contemplated the indirect participation of the courts in

the bargaining process suggests that they should at least be required to bargain in good faith with a duly authorized employee representative and that they cannot avoid such a duty by terminating employees who seek to organize. In *Lehigh,* our Supreme Court elaborated on its decision in *Ellenbogen. Ellenbogen* determined that county commissioners would represent the judges of the courts of common pleas in collective bargaining under Act 195. In discussing the mechanics of such negotiations, the Court noted that county commissioners could negotiate concerning subjects such as length of workdays, vacation time, or paid holidays if the commissioners *consulted with the judges* concerning the effect any such proposals might have on the court's operations. The Supreme Court specifically stated: ·

> [I]t would be contrary to the public interest to bar such terms on the grounds that they may impair the judges' 'supervisory' authority in the abstract when the simple solution of prior consultation with the judges themselves is available. In any event, contractual terms which actually impair the independence must be declared void and agreements countenancing such terms would totally defeat the purposes of [Act 195].

*Lehigh,* 507 Pa. at 279, 489 A.2d at 1329–30; *see also Pennsylvania Labor Relations Board v. American Federation of State, County and Municipal Employees,* 515 Pa. 23, 526 A.2d 769 (1987).[12] Thus, judges, through collective bargaining, can *voluntarily* limit their absolute right to supervise their employees through appropriate procedures and there is no legal principle suggesting that the same cannot be said concerning their ability to hire and discharge employees. *Beckert.* If it is not voluntarily granted, of course, that would summarily end the matter.

In fact, as discussed above, such a voluntary limitation was present in *Beckert.* We stated that:

12. We note that in *PLRB v. AFSCME,* the Supreme Court reviewed a case in which the Board did entertain an unfair labor practice charge by a union representing court-appointed employees against the Commissioners of Allegheny County. This case was decided in 1987, six years after our decision in *Beckert.*

[A] court of common pleas could in the exercise of its constitutional power provide for a grievance or hearing procedure prior to the discharge of a judicial employee. Such a procedure could be created by the court's own initiative or be the result of an agreement with a representative of the employees. However, discharge decisions under such a procedure would have to remain finally with the court.... *An agreement establishing grievance and hearing procedures may be the source of rights entitled to legal protection by an action of law or equity.*

*Beckert,* 56 Pa. Commonwealth Ct. at 582–83, 425 A.2d at 863 (emphasis added). Thus, it is clear that the judiciary may be bound by agreements which it reaches with its employees through collective bargaining under Act 195. And, if the courts have the obligation to bargain under Act 195, thereby reaping the benefits of collective bargaining, then to deny those benefits reached by bargaining to their employees—by firing them for trying to organize—would deny the right. We conclude that the judiciary cannot fire its employees at its pleasure where its motivation is to prevent organization and bargaining under Act 195.

Accordingly, the orders of the Board dismissing the Unions exceptions and unfair labor practices charges are reversed, and the Board is ordered to entertain the charges in order to determine whether complaints should be issued against the Employer.

## ORDER

AND NOW, December 29, 1992, the orders of the Pennsylvania Labor Relations Board in the above-captioned matters are hereby reversed and this case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

KELLEY, Judge, dissenting.

I respectfully dissent.

I believe that the literal construction of the respective sections of the Judicial Code gives exclusive jurisdiction in this matter to the Court of Common Pleas of Philadelphia County.

All the employees are county employees and 42 Pa.C.S. § 933(a)(1)(vii) clearly indicates common pleas jurisdiction. The majority concludes likewise but goes a step further. I believe that the majority misconstrues the language and intent by bringing in the jurisdiction of this court under 42 Pa.C.S. § 102.

Accordingly, I would quash the appeal.

COLINS, J., joins in this dissent.